

FILED
2018 AUG 20 PM 1:29

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TROY SMITH, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

Case No.: 3:18-cv-1011-J-32JRK

COSTA DEL MAR, INC.,
a Florida corporation,

**JURY TRIAL DEMANDED**

    Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff, Troy Smith ("Plaintiff"), by and through his undersigned counsel, hereby sues Costa Del Mar, Inc., individually and on behalf of a nationwide class of consumers. In support, Plaintiff alleges as follows:

### INTRODUCTION

1. This lawsuit seeks damages and other relief as a result of Costa Del Mar, Inc.'s ("Costa") practice of charging its customers an illegal fee to process its "Lifetime Warranty" against manufacturer's defects in connection with the sale of sunglasses.

2. Costa aggressively promotes and advertises its sunglasses as being "backed for life," and touts its sunglasses warranty as "the best in the industry," with "no gimmicks" and "no disclaimers." Through every medium of communication with its customers — on its website, on its sunglass boxes, on its advertisements, in videos, on plaques, in promotional material, and elsewhere — Costa advertises a "rock solid Lifetime Warranty" against manufacturer's defects on its sunglasses.

3. On the packaging for every pair of Costa sunglasses, Costa prominently displays the words "**BACKED BY OUR LIFETIME WARRANTY**" in all capital letters, along with the

promise that "[W]e stand behind our craftsmanship with a rock solid <u>Lifetime Warranty</u> against manufacturer's defects."

4. Once the consumer purchases the sunglasses and opens the package, a warranty card (placed on the inside of the package) titled "<u>Costa's Lifetime Warranty</u>" provides that Costa will "warrant these sunglasses against defects in materials or workmanship for the life-time of the product."

5. And to avoid any confusion about its full warranty, Costa touts on its website, under the heading **"BACKED FOR LIFE"** that, "[B]ecause we monitor the quality of every pair of sunglasses we build, <u>we back them with a lifetime warranty</u>. If a pair of Costas needs to be fixed, they get sent back to the shop where they were made and the Costa Repair Shop experts will bring them back to 'like-new' standards. Our product quality, backed by our <u>Lifetime Warranty</u>, makes Costa Sunglasses the best value available in the sunglass industry today. No other manufacturer offers a combination that even comes close."

6. Costa advertises elsewhere on its website that its sunglasses are **"BUILT BY HAND. BACKED FOR LIFE."**

7. And in brochures distributed to customers and retailers, Costa states that, "[A]t Costa, we stand behind our work. That's why every pair of sunglasses we make is <u>backed with a Lifetime Warranty against manufacturer's defects.</u>"

8. As it is applied by Costa, Costa's purported "Lifetime Warranty" against manufacturer's defects violates federal law because customers must pay an illegal fee to take advantage of it. More specifically, although Costa offers "Costa's Lifetime Warranty," Costa does not repair or replace Costa sunglasses damaged by a manufacturer's defect "without charge," as

required by federal law. Instead Costa charges customers a fee — $11.95 plus tax — to repair or replace sunglasses with a manufacturer's defect.

9. Costa's actions — advertising, promoting, and offering a "Lifetime Warranty," but charging customers $11.95 plus tax per warranty claim for sunglasses with a manufacturer's defect — violate the Magnuson-Moss Warranty Act, 15 U.S.C. § 2304 ("MMWA"), which requires warrantors like Costa advertising full lifetime warranties to remedy consumer products *"without charge."*

10. As a consequence of Costa's illegal practices, Plaintiff and the class members have purchased Costa sunglasses under the false impression that their sunglasses are protected for life against manufacturer's defects at no charge to them (when Costa, in fact, requires customers to pay an illegal fee). Congress passed the MMWA specifically to curb false and deceptive warranty practices, like those warranty practices employed by Costa.

11. Significantly, each consumer in the class has purchased Costa sunglasses subject to Costa's Lifetime Warranty. Each of these class members have experienced the same harm, in the same manner, and bring this action in an effort to curb Costa's false and deceptive warranty practices, which constitute a clear violation of the MMWA.

12. Plaintiff brings this case pursuant to Federal Rule of Civil Procedure 23 on behalf of a class of Costa sunglass purchasers, seeking damages, including costs of suit, interest, and reasonable attorneys' fees, as well as injunctive relief to remedy Costa's illegal warranty practices.

## PARTIES, JURISDICTION AND VENUE

13. Plaintiff Troy Smith is a citizen of the State of Florida.

14. Costa is a corporation incorporated under the laws of the State of Florida, with its principal place of business in Daytona Beach, Florida. Accordingly, Costa is deemed to be a citizen of the State of Florida.

15. Costa is "the fourth largest and fastest growing sunglass brand in America." https://www.costadelmar.com/us/en/costa-careers/careers-landing.html (last visited June 22, 2017).

16. Costa does business throughout the state of Florida and, specifically, within the Middle District of Florida. Costa has received and continues to receive substantial revenue and profits in the Middle District of Florida and throughout the state of Florida.

17. Upon information and reasonable belief, the proposed class consists of hundreds of thousands of members. In the aggregate, these proposed class members seek over $5,000,000 in damages, exclusive of costs and interest.

18. At least one unnamed member of the proposed class is a citizen of a state other than the State of Florida.

19. The Court has jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the proposed class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists.

20. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff and Costa reside within this district and a substantial part of the events and omissions giving rise to these claims occurred within this district.

21. On July 18, 2018, Plaintiff, individually and on behalf of the class, provided Costa with notice of Costa's violations of the MMWA, and provided Costa with a reasonable opportunity to cure its failures. As of the filing of this Class Action Complaint, Costa has failed and/or refused to comply with Plaintiff's demand.

22. All conditions precedent to the institution and maintenance of this action have been satisfied or waived.

23. Plaintiff has retained the law firm of Holland & Knight LLP to represent him and the class, and such firm is entitled under applicable law to seek attorneys' fees from Costa as set forth herein.

## FACTUAL ALLEGATIONS

### *Costa and its "Lifetime Warranty"*

24. Costa manufactures, markets, advertises and sells its sunglasses across the United States.

25. Costa touts its "rock solid" sunglasses lifetime warranty.

26. Costa advertises to consumers through a variety of mediums a "backed for life" "Lifetime Warranty" against manufacturer's defects. In other words, Costa advertises that it fully warrants its sunglasses against manufacturer's defects.

27. Costa's "Lifetime Warranty" was uniformly printed on the side of every Costa sunglasses box, placed on a card inside of every Costa sunglasses box, and was part of the basis of the bargain for each purchase.

28. Apparently recognizing that its warranty practices violate the MMWA, Costa recently changed its packaging and other promotional materials so that its claims that its sunglasses are backed by a "Lifetime Warranty" are now replaced with claims that its sunglasses are backed by a "<u>Limited</u> Lifetime Warranty." In other words, Costa recognized that it was advertising and promoting a full "Lifetime Warranty," but not honoring such in accordance with the MMWA. So, Costa changed its warranty information to state that Costa offers a "<u>Limited</u> Lifetime Warranty,"

rather than a "Lifetime Warranty" as its packaging and promotional material previously represented.

29. In order for consumers to take advantage of Costa's "Lifetime Warranty," Costa requires that consumers send their damaged sunglasses to Costa's warranty center for evaluation by Costa. Once the consumer sends his or her sunglasses to the warranty center, Costa inspects the sunglasses to determine the cause of the damage.

30. If Costa determines that the consumer's sunglasses were damaged as a result of a manufacturer's defect, Costa honors its advertised "Lifetime Warranty" but charges the consumer $11.95 plus tax per warranty claim. The fee that Costa charges consumers to take advantage of Costa's "Lifetime Warranty" is illegal under the MMWA.

### *Plaintiff's MMWA Claim*

31. In 2014, Plaintiff purchased a pair of Costa Fisch sunglasses backed by Costa's purported "Lifetime Warranty" against manufacturer's defects.

32. In September of 2015, Plaintiff sent his sunglasses to Costa's warranty center for inspection.

33. After inspection, Costa determined that Plaintiff's rubber gaskets (nose piece) needed to be replaced and the lenses were delaminated, and that these issues were caused by a manufacturer's defect.

34. Costa purported to honor the "Lifetime Warranty," but violated its obligations under the MMWA by charging Plaintiff $11.95 plus tax to take advantage of Costa's "Lifetime Warranty."

35. Plaintiff paid the $11.95 plus tax charged by Costa to take advantage of the "Lifetime Warranty."

36. Costa's actions — by advertising a "Lifetime Warranty" but charging Plaintiff and other customers $11.95 plus tax per warranty claim — violate the MMWA, which requires warrantors providing full lifetime warranties to remedy consumer products "*without charge.*"

37. As an immediate, direct, and proximate result of Costa's illegal warranty practices, Costa has unfairly and unjustly charged customers $11.95 plus tax on each warranty claim made under a purported "Lifetime Warranty" against manufacturer's defects on Costa sunglasses.

38. Plaintiff and the members of the class have paid $11.95 plus tax per warranty claim to Costa, when the MMWA required that Costa honor its warranty "without charge."

39. Costa failed to comply with its obligations under the MMWA, and each of the members of the class were harmed by Costa's failures.

## CLASS ALLEGATIONS

40. Plaintiff brings this action both on behalf of himself and as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following class members (the "Class"):

**Count I - VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT (15 U.S.C. §§ 2301, et seq.):**

All citizens in the United States who, prior to Costa's switch to a "Limited Lifetime Warranty," purchased a pair of Costa sunglasses backed by a "Lifetime Warranty" who, within the applicable limitations period, paid Costa a fee to repair or replace those sunglasses damaged by a manufacturer's defect.

Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the judge to whom this case is assigned and the judge's staff; and (3) counsel for each of the parties in this case.

#59336241_v1

41. Plaintiff reserves the right to amend the Class definition if further information and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified, including but not limited to, the creation of subclasses, if necessary.

42. Plaintiff does not know the exact number of Class members because such information is in the exclusive control of Costa. Based on the annual sales and popularity of Costa sunglasses, it is readily apparent that the number of consumers in the Class is so large as to make joinder impracticable, if not impossible.

43. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

44. **Numerosity – Federal Rule of Civil Procedure 23(a)(1):** The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. While Plaintiff believes that there are hundreds of thousands of members of the Class, the precise number of Class members is unknown to Plaintiff, but may be ascertained from Costa's books and records.

45. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3):** This action involves common questions of law and fact which predominate over any questions affecting individual Class members including, without limitation:

   a. Whether Costa engaged in the conduct alleged herein;

   b. Whether Costa charged customers a fee to repair or replace sunglasses damaged by a manufacturer's defect;

   c. Whether Costa's conduct constitutes a violation of the MMWA as asserted herein;

    d. Whether Plaintiff and the other members of the Class were illegally charged a fee for Costa to repair or replace sunglasses damaged by a manufacturer's defect, when those sunglasses were subject to a "Lifetime Warranty";

    e. Whether Plaintiff and the other members of the Class were injured by Costa's conduct and, if so, the appropriate class-wide measure of damages for Class members; and

    f. The scope of any declaratory or non-monetary relief to which Plaintiff and the other Class members are entitled.

46. **Typicality – Federal Rule of Civil Procedure 23(a)(3)**: Plaintiff's claims are typical of the claims of the Class because, among other things, all Class members were comparably injured through Costa's wrongful conduct as described herein. All Class members purchased Costa sunglasses purportedly backed by Costa's "Lifetime Warranty" for damage to the sunglasses as a result of a manufacturer's defect, and were illegally charged a fee by Costa to repair those sunglasses damaged by a manufacturer's defect. The injuries to each Class member were caused directly by Costa's wrongful conduct. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the Class members and are based on the same legal theories.

47. **Adequacy – Federal Rule of Civil Procedure 23(a)(4)**: Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other members of the Class. Neither Plaintiff nor counsel have any interests that conflict with or are antagonistic to the interests of the Class members. Plaintiff has retained highly competent and experienced class action attorneys to represent his interests and those of the members of the Class. Plaintiff and his counsel have the necessary resources to adequately and vigorously litigate this class action, and

Plaintiff and his counsel are aware of their fiduciary responsibilities to the Class members and will diligently discharge those duties by seeking the maximum possible recovery for the Class.

48. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2)**: Costa has acted or refused to act on grounds generally applicable to Plaintiff and other members of the Class, thereby making appropriate final injunctive and declaratory relief, as described below, with respect to the Class as a whole.

49. **Superiority – Federal Rule of Civil Procedure 23(b)(3)**: A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and the other Class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Costa, so it would be impracticable for the Class members to individually seek redress for Costa's wrongful conduct. Even if Class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of single adjudication, economy of scale, and comprehensive supervision by a single court.

50. The issues raised herein arise under federal law, and having all claims nationwide be decided in a single lawsuit, in Florida where Costa is located, is efficient, economical, and fair.

## COUNT I
### VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT
### (15 U.S.C. §§ 2301, *et seq.*)

51. Plaintiff, individually and on behalf of the Class, re-alleges and incorporates the allegations of paragraph 1 through 50 as if fully set forth herein.

#59336241_v1

52.     Plaintiff brings this count individually and on behalf of the Class.

53.     Costa's acts and omissions, as alleged herein, violate the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* ("MMWA"), which governs consumer product warranties and sets forth the rights of consumers and the obligations of warrantors who provide written warranties.

54.     The MMWA allows consumers to bring civil actions for both legal and equitable relief. 15 U.S.C. § 2310(d)(1).

55.     Plaintiff and the Class members are consumers as defined in 15 U.S.C. § 2301(3).

56.     Costa is a supplier and warrantor as defined in 15 U.S.C. §§ 2301(4) and (5).

57.     Costa sunglasses constitute a consumer product as defined in 15 U.S.C. § 2301(1).

58.     Costa has provided, advertised, and promoted a written warranty to Plaintiff and members of the Class in connection with the sale of Costa sunglasses that its sunglasses are backed by a "Lifetime Warranty" against manufacturer's defects. This constitutes a written warranty within the meaning of the MMWA, 15 U.S.C. § 2301(6).

59.     This written warranty was advertised and promoted by Costa through a variety of different means and types of mediums.

60.     Costa's "Lifetime Warranty" constitutes a full warranty under the MMWA.

61.     Among other things, a full warranty requires the warrantor to remedy defects in a product within a reasonable time and ***without charge***. 15 U.S.C. § 2304.

62.     The term "without charge" means that the warrantor may not assess the consumer for any costs the warrantor or his representatives incur in connection with the required remedy or a warranted consumer product. 15 U.S.C. § 2304(d).

63. Costa has violated the MMWA by charging Plaintiff and members of the Class a fee in connection with warranty claims made on Costa sunglasses subject to Costa's "Lifetime Warranty."

64. A timely notice to Costa of its violations of the MMWA, on behalf of Plaintiff and all members of the Class, was sent to Costa by letter dated July 18, 2018. Through this letter, Costa was provided a reasonable opportunity to cure Costa's illegal warranty practices. In response to the letter, Costa failed and/or has continued to refuse to cure its noncompliance.

65. Costa's illegal warranty practices, as described herein, have resulted in damages to Plaintiff and the members of the Class who bought Costa sunglasses subject to a "Lifetime Warranty," but were charged an illegal fee in connection with warranty claims for sunglasses damaged as a result of a manufacturer's defect.

**WHEREFORE**, Plaintiff Troy Smith, individually and on behalf of the Class, prays for relief as follows:

a) An Order certifying that this action is properly brought and may be maintained as a class action, that Plaintiff be appointed the class representative, and that Plaintiff's counsel be appointed counsel for the class;

b) An Order declaring Defendant's conduct to be in violation of applicable law and enjoining Defendant from pursuing the unlawful acts and practices described herein;

c) An Order enjoining Costa from violating the MMWA, as alleged herein;

d) Compensatory damages, and all other damages allowable under the law, sustained by Plaintiff and the Class;

e) Payment of costs of suit herein incurred;

#59336241_v1

f) Pre-judgment and post-judgment interest at the maximum rate allowable at law on any amounts awarded;

g) Payment of reasonable attorneys' fees, pursuant to 15 U.S.C. § 2310(d)(2); and

h) Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims so triable.

Dated this 20th day of August, 2018.

        **HOLLAND & KNIGHT LLP**

        /s/ Peter P. Hargitai
        Peter P. Hargitai (FBN 85375)
        peter.hargitai@hklaw.com
        Joshua H. Roberts (FBN 042029)
        joshua.roberts@hklaw.com
        Laura B. Renstrom (FBN 108019)
        laura.renstrom@hklaw.com
        Michael M. Gropper (FBN 105959)
        michael.gropper@hklaw.com
        50 North Laura Street, Suite 3900
        Jacksonville, Florida 32202
        Telephone: (904) 353-2000
        Facsimile: (904) 358-1872

        *Attorneys for Plaintiff Troy Smith and the Class*