# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

TROY SMITH, individually and on behalf of all others similarly situated,

    Plaintiff,

v.                                    Case No. 3:18-cv-1011-J-32JRK

COSTA DEL MAR, INC., a Florida corporation,

    Defendant.

## **O R D E R**

This case is before the Court on Plaintiff Troy Smith's Partially Unopposed Motion to Enlarge the Page Limitation For His Motion for Class Certification and For Leave to File Under Seal. (Doc. 38). Defendant Costa Del Mar, Inc. did not file a response.

First, Plaintiff requests that the Court permit him to file a forty page motion for class certification, stating that the increased page limit is necessary because the motion will discuss the legal elements of the Magnuson-Moss Warranty Act claim, contain all of the requirements of Federal Rule of Civil Procedure 23, and include a detailed statement of applicable facts. (Doc. 38 at

1-2). If this request is granted, Plaintiff states that he has no objection to Defendant filing a thirty-five page response to the motion. Plaintiff states that Defendant does not oppose a five page enlargement of the page limitations for both parties, but opposes any increase beyond five pages. (Doc. 38 at 3).

Upon due consideration, the Court will permit Plaintiff to file a motion for class certification of no more than forty pages, and Defendant to file a response of no more than thirty-five pages.[1]

Next, Plaintiff wishes to seal his motion for class certification and all exhibits, such as internal communications regarding Defendant's warranty and business strategy, spreadsheets regarding the number of warranty claims made by consumers, financial documents regarding Defendant's warranty, and other documents that have been marked as "Confidential." (Doc. 38 at 2). Defendant does not oppose the motion to seal.

The public has "a common-law right to inspect and copy judicial records and public documents." In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987) (per curiam) (citations omitted). Because of the presumption of the public's right of access to judicial records, the Court is disinclined to seal the entire motion for class certification and all exhibits and requires a more specific showing of the need to seal. The Court is willing to entertain a more

---

[1] The Court expects compliance with applicable font size and margin requirements.

2

narrowly tailored motion to seal, which specifies the exhibits Plaintiff wishes to seal and the reasons therefor.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff Troy Smith's Partially Unopposed Motion to Enlarge the Page Limitation For His Motion for Class Certification and For Leave to File Under Seal (Doc. 38) is **GRANTED in part and DENIED in part**.

2. Plaintiff may file a motion for class certification of no more than forty pages, and Defendant may file a response of no more than thirty-five pages.

3. Plaintiff's motion to seal is **denied without prejudice**. Plaintiff may file a more narrowly tailored motion to seal, which comports with this Order, if he wishes to do so.

4. The parties remain governed by the Case Management and Scheduling Order. (Doc. 6).

**DONE AND ORDERED** in Jacksonville, Florida the 19th day of June, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

sej
Copies:

Counsel of record