UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TROY SMITH, individually and on behalf
of all others similarly situated,

    Plaintiff,

vs.
                                         CASE NO. 3:18-cv-1011-TJC-JRK

COSTA DEL MAR, INC., a Florida
corporation,

    Defendant.

_____

**DEFENDANT COSTA DEL MAR, INC.'S UNOPPOSED AMENDED MOTION TO SEAL EXHIBITS TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

    Defendant Costa Del Mar, Inc. ("Costa"), pursuant to Local Rule 1.09 and the parties' Case Management Report [D.E. 5], hereby files its Unopposed Amended Motion to Seal Exhibits to Plaintiff Troy Smith's ("Plaintiff") Motion for Class Certification.[1] For the reasons set forth herein, it is necessary that the Court seal certain exhibits to Plaintiff's forthcoming motion for class certification, which contain confidential and valuable proprietary business information as well as the terms of a confidential settlement agreement with a non-party, the disclosure of which may irreparably harm Costa and/or its business. In support hereof, and in accordance with Local Rule 1.09(a), Costa states as follows:

---

[1] Costa amends this Motion to include reference to one additional document that warrants sealing, which was inadvertently omitted from its original motion. [D.E. 41].

## IDENTIFICATION AND DESCRIPTION
## OF EACH ITEM PROPOSED FOR SEALING

Costa seeks to seal eleven documents that Plaintiff has advised he intends to file in support of his motion for class certification. [D.E. 40]. These documents fall into three categories: (i) confidential internal communications, internal presentations, and reports addressing valuable proprietary issues, including brand development and strategy, marketing materials, business operations, and financial information ("Category 1"); (ii) communications reflecting certain specifics of Costa's confidential agreement with one of its largest customers ("Category 2"); and (iii) a confidential settlement agreement between Costa and a non-party to this action ("Category 3"). A detailed description of each document follows:

**I.      Category 1**

a.      An internal Costa email between a Costa senior marketing manager and the Vice President of Marketing for Costa discussing multiple business strategies, including the attachment of a twenty slide PowerPoint discussing inventory and branding strategy.

b.      An internal email between the Costa controller and other individuals discussing accounting strategies regarding warranty expenses and warranty reserve.

c.      An internal email from Costa Chief Executive Officer H. Rush discussing business marketing matters and related sunglasses quality considerations.

d.      An internal PowerPoint presentation detailing multiple business and branding strategies in connection with proposed changes to Costa's warranty title.

e.      An audit report focusing on Costa's inventory processes, including the detailed discussion of the handling of raw materials, WIP inventory, and finished goods as well as sensitive and confidential sales and financial data.

f. Two internal email communications from Costa's Vice President of Marketing to the Costa Chief Executive Officer and Vice President of Operations regarding proposed marketing strategies with respect to Costa's warranty.

g. A document clarifying questions to a Costa request for proposal that details Costa's internal handling of numerous business operations, including warranty and repair processing.

h. A spreadsheet detailing the number of warranty claims made to Costa, as well as related confidential financial data, since 2013.

**II.  Category 2**

a. Internal communications at one of Costa's largest customers discussing a consumer return and Costa's confidential agreement between it and that large retailer on handling returns.

**III.  Category 3**

a. A confidential settlement agreement and release, including other documents executed in connection with the settlement, between Costa and a non-party to this action.

**REASON THAT FILING AND SEALING EACH ITEM IS NECESSARY**

Plaintiff has represented that each of the Confidential Documents will be filed as exhibits in support of its forthcoming motion for class certification. Accordingly, the Confidential Documents are relevant to the Court's consideration of the forthcoming motion.

Sealing each of the Confidential Documents is necessary because the public disclosure of any of the Confidential Documents would be irreparably detrimental to Costa's ongoing business strategy, marketing plans, and its position relative to competitors.

### REASON THAT MEANS OTHER THAN SEALING ARE UNSATISFACTORY FOR THE PROPOSED DURATION OF THE SEAL

Filing under seal is the only way to maintain the confidentiality of the Confidential Documents.

### THE CONFIDENTIAL DOCUMENTS SHOULD BE SEALED INDEFINITELY

Because the disclosure of any of the Confidential Documents would cause potentially irreparable harm to Costa's or its customers' business, the scope and extent of which cannot be ascertained at this time, the Court should grant this Motion and seal the Confidential Documents indefinitely. This Court has previously sealed such documents for indeterminate amounts of time in similar situations. *See e.g., Teledyne Instruments, Inc. v. Cairns*, No. 6:12-cv-854-Orl-28TBS, 2013 WL 5874584, at *1 (M.D. Fla. Oct. 31, 2013) (granting motion to file under seal until further order of the court as the documents contained "non-public financial data" that was important to the business of one of the parties); *see also Bastian v. United Servs. Auto. Ass'n*, No. 3:13-CV-1454-J-32MCR, 2014 WL 6908430, at *2 (M.D. Fla. Dec. 8, 2014) (granting motion to seal materials for duration of the litigation).

### MEMORANDUM OF LAW IN SUPPORT OF SEALING THE CONFIDENTIAL DOCUMENTS

**I.     STANDARD**

The common law right of access to court records "is not absolute" and may be overcome by a showing of good cause. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007); *see also* Fed. R. Civ. P. 26(c)(1)(G). "In evaluating motions to seal, the district court must balance the party's interest in keeping the information confidential against the public interest in accessing court documents." *Capsmith, Inc. v. Wysopal*, No. 6:07-cv-

1572- Orl-22KRS, 2009 WL 277075, at *1 (M.D. Fla. Feb. 5, 2009) (*citing Chicago Tribune, supra* at 1314-15 & *Romero* at 1246). As the *Romero* court explained, courts consider the following factors when balancing the party's interests against that of the public:

> [C]ourts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246 (citations omitted). A party's privacy or proprietary interest in its confidential business information can overcome the public's interest in the access to same. *Id.*; *see also Arthrex, Inc. v. Parcus Med., LLC*, No. 2:11-cv-694-FtM-29CM, 2014 WL 1569149, at *4 (M.D. Fla. Apr. 17, 2014).

## II. EACH CONFIDENTIAL DOCUMENT SHOULD BE SEALED

### A. Costa's and its Customers' Interests in the Valuable Confidential Information Contained Within Categories 1 and 2 Vastly Outweigh the Limited Public Interest in Disclosure

As set forth above, each of the documents contained within Categories 1 and 2 of the Confidential Documents contain valuable confidential and proprietary business information, the disclosure of which potentially may cause permanent and irreparable harm to Costa and/or its customers.

Courts routinely find that a company's interest in the privacy of such information, including financial records, operating procedures, and confidential agreements, outweigh the public right of access. *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 3:10-CV-891-J-JBT, 2010 WL 6790538, at *1–2 (M.D. Fla. Oct. 28, 2010) (citing *Jazz Photo Corp. v. United States*, 439 F.3d 1344, 1358 (Fed.Cir.2006); *In re Boston Herald*, 321 F.3d 174, 190

5

(1st Cir.2003); *Vista India, Inc. v. Raaga, LLC*, No. 07–1262, 2008 WL 834399, at *2–3 (D.N.J. March 27, 2008)) (granting motion to seal confidential financial information and confidential agreement with customer); *Bastian*, 2014 WL 6908430, at *2 (granting motion to seal business records reflecting their internal operations procedures for handling claims); *see also Barkley v. Pizza Hut of Am., Inc.*, No. 614CV376ORL37DAB, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) (granting motion to seal report that included data and analysis by third-party for Pizza Hut); *Alexsam, Inc. v. Mastercard Int'l Inc.*, Case No. 1:15-cv-02799-BMC (D.E. 5) (E.D.N.Y. May 15, 2015) ("The Court finds that the qualified right of public access is outweighed by the need to protect confidential and proprietary commercial information.").

Courts have also found good cause to permit filing under seal where such confidential and proprietary information and/or trade secrets are at issue. *See, e.g., Joao Bock Transaction Sys., LLC v. Fid. Nat'l Info. Servs., Inc.*, Case No. 3:13-cv-223-J-32JRK, 2015 U.S. Dist. LEXIS 13241, at *6 (M.D. Fla. Feb. 4, 2015) ("the Court finds good cause for filing the invalidity and infringement contentions under seal as they contain trade secret information regarding the accused and other banking software products"); *WIT Walchi Innovation Techs, Gmbh v. Westrick*, Case No. 12-CIV-20072-COHN/SELTZER, 2012 U.S. Dist. LEXIS 7907 (S.D. Fla. Jan. 24, 2012) ("Revelation of trade secrets would be a reason to seal an agreement.").

The same result is warranted here. Disclosing Costa's valuable confidential business and financial information in the public record **will greatly and potentially irreparably harm** Costa by enabling competitors to use the Confidential Documents to undercut and directly


compete with Costa, in reliance on Costa's very own confidential business practices. If this information is disclosed, Costa will never be able to unring the proverbial bell, and its competition will unfairly be able to compete with Costa for the foreseeable future.

Accordingly, because Costa's privacy interests vastly outweigh the public's interest in disclosure, the Court should enter an order indefinitely sealing each of the Confidential Documents contained within Categories 1 and 2.

      **B.**    **Costa's Interests in the Confidential Information Contained Within Category 3 Vastly Outweigh the Limited Public Interest in Disclosure**

Similarly, the public hardly has any interest in the disclosure of a confidential settlement agreement Costa entered into with a non-party to this action. Courts have routinely sealed settlement agreements and other confidential agreements in such instances. *See e.g., Lee v. Ocwen Loan Servicing, LLC,* No. 1:14-CV-99-TCB-LTW, 2014 WL 12546415, at *1 (N.D. Ga. June 17, 2014), report and recommendation adopted, No. 1:14-CV-99-TCB, 2014 WL 12546417 (N.D. Ga. July 9, 2014) (granting motion to seal confidential settlement agreement); *see also Siemens Industry, Inc. v. SIPCO, LLC*, No. 1:10-CV-2478-JEC, 2012 WL 5334186, at * 8 (N.D. Ga. Oct. 26, 2012) (finding "good cause to grant the motions to seal because the referenced filings include and restate the material provisions of a confidential settlement agreement"); *Graphic Packaging International, Inc.* at *2 ("Courts have found that a company's interest in the privacy of . . . the terms of confidential agreements, however, often outweigh the public right of access.").

As with Categories 1 and 2, an order sealing Category 3 is likewise warranted here. Costa and the non-party to this action who entered into the confidential settlement agreement had an expectation, and in fact, a binding obligation, to keep the terms of the agreement

7

confidential. The public has limited, if any, interest in the disclosure of this information, which is not pertinent to the pending action (indeed, Costa contends that this information is not even admissible in this action).

Accordingly, because Costa's privacy interests vastly outweigh the public's interest in disclosure, the Court should enter an order indefinitely sealing each of the Confidential Documents contained within Category 3.

## CONCLUSION

For the foregoing reasons, Costa has shown good cause for sealing each of the Confidential Documents, and therefore, respectfully requests that the Court grant this Motion and enter an order sealing each of the Confidential Documents indefinitely.

## Certificate of Compliance with Rule 3.01(g)

Counsel for Costa hereby certify that they have conferred with counsel for Plaintiff Troy Smith prior to the filing of this Motion and that Plaintiff's counsel does not oppose the relief requested by this Motion.

Dated: July 2, 2019          **MCGUIREWOODS LLP**

By: */s/ Sara F. Holladay-Tobias*
    Sara F. Holladay-Tobias
    Florida Bar No. 0026225
    stobias@mcguirewoods.com
    Emily Y. Rottmann
    Florida Bar No. 0093154
    erottmann@mcguirewoods.com
    50 N. Laura Street, Suite 3300
    Jacksonville, Florida 32202
    (904) 798-3200
    (904) 798-3207 (fax)
    Secondary Service Emails:
    flservice@mcguirewoods.com
    clambert@mcguirewoods.com
    csweeney@mcguirewoods.com

– *and* –

Justin R. Opitz (*admitted pro hac vice*)
jopitz@mcguirewoods.com
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
(214) 932-6471
(214) 273-7487 (fax)

– *and* –

Mark E. Anderson (*admitted pro hac vice*)
manderson@mcguirewoods.com
Jocelyn M. Mallette (*admitted pro hac vice*)
jmallette@mcguirewoods.com
434 Fayetteville Street, Suite 2600
Raleigh, North Carolina 27601
(919) 755-6600
(919) 755-6699 (fax)

*Attorneys and Trial Counsel for Defendant Costa Del Mar, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 2, 2019, a true copy of the foregoing was filed with the Court using the CM/ECF system, which will send notice to the following:

Peter P. Hargitai, Esq.
peter.hargitai@hklaw.com
Joshua H. Roberts, Esq.
joshua.roberts@hklaw.com
Laura B. Renstrom, Esq.
laura.renstrom@hklaw.com
Michael M. Gropper, Esq.
michael.gropper@hklaw.com
HOLLAND & KNIGHT LLP
50 North Laura Street, Suite 3900
Jacksonville, FL 32202
*Attorneys for Plaintiff Troy Smith*

                                       */s/ Sara F. Holladay-Tobias*
                                         Attorney