**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TROY SMITH, individually and on
behalf of all others similarly
situated,

    Plaintiff,

v.                                                                        Case No. 3:18-cv-1011-J-32JRK

COSTA DEL MAR, INC., a Florida
corporation,

    Defendant.

_____

# **O R D E R**

This case is before the Court on Defendant Costa Del Mar, Inc.'s Unopposed Amended Motion to Seal Exhibits to Plaintiff's Motion for Class Certification. (Doc. 42).

Defendant wishes to seal three categories of exhibits attached to Plaintiff's motion for class certification: (i) confidential internal communications, internal presentations, and reports addressing valuable proprietary issues, including brand development and strategy, marketing materials, business operations, and financial information; (ii) communications reflecting certain specifics of Defendant's confidential agreement with one of its

largest customers; and (iii) a confidential settlement agreement between Defendant and a non-party to this action. Defendant has provided a detailed description of the type of documents and their contents in the motion to seal.

The public has "a common-law right to inspect and copy judicial records and public documents." In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987) (per curiam) (citations omitted). The public's right of access to judicial records may be overcome, however, by a showing of good cause by the party seeking protection. See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1313 (11th Cir. 2001); see also Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007). Good cause "generally signifies a sound basis or legitimate need to take judicial action." In re Alexander, 820 F.2d at 356.

If good cause has been shown, the court must then balance the interest in obtaining access to the information against the interest in keeping the information confidential. Chicago Tribune Co., 263 F.3d at 1313. In balancing these interests:

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Romero, 480 F.3d at 1246 (citations omitted). Moreover, even in the absence of any challenge to sealing the information, the court, as "the primary representative of the public interest in the judicial process," is duty-bound "to review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record." Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

To aid the court in its review, Local Rule 1.09 requires any motion to seal to provide:

> (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

M.D. Fla. R. 1.09(a).

"'Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury.'" NXP B.V. v. Research In Motion, Ltd., No. 6:12–cv–498–Orl–22TBS, 2013 WL 4402833, *2 (M.D. Fla. Aug.15, 2013) (quoting Vista India, Inc. v. Raaga, LLC, No. 07–1262, 2008 WL 834399, *2 (D.N.J. Mar. 27, 2009)). "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Romero, 480 F.3d at 1246.

3

Upon due consideration, the Court finds that allowing public access to the information Defendant seeks to file under seal could harm Defendant's legitimate privacy and proprietary interests, and there is no less restrictive method available to protect the information. Therefore, because it is unopposed and there exists good cause, the motion to seal will be granted, and Plaintiff is permitted to file the documents under seal. However, the Court will determine later whether the items will remain under seal for the duration of the case.

Accordingly, it is hereby

**ORDERED:**

1. Defendant Costa Del Mar, Inc.'s Unopposed Amended Motion to Seal Exhibits to Plaintiff's Motion for Class Certification (Doc. 42) is **GRANTED**.

2. Plaintiff shall mail or hand-deliver the materials to be filed under seal to the Clerk. The documents will remain under seal for the duration of this litigation or until further order of the Court.

**DONE AND ORDERED** in Jacksonville, Florida the 11th day of July, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

sej
Copies:

Counsel of record