**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TROY SMITH, individually and on behalf of all others similarly situated, BRENDAN C. HANEY, individually and on behalf of all others similarly situated, and GERALD E. REED, IV, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.                                                                                             Case No. 3:18-cv-1011-J-32JRK

COSTA DEL MAR, INC., a Florida corporation,

    Defendant.

_____

**ORDER PRELIMINARILY APPROVING SETTLEMENT,
CERTIFYING A SETTLEMENT CLASS,
AND PROVIDING FOR NOTICE**

    This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Certification of Settlement Class, Approval of Notice to Settlement Class, and Incorporated Memorandum of Law. (Doc. 91) ("the Motion"). On July 17, 2020 and September 1, 2020, the court held hearings on the Motion, the records of which are incorporated by

reference. At the Court's request, Plaintiffs filed an Amended and Restated Settlement Agreement (Doc. 98-1) ("the Agreement"), along with a revised Claim Form for the Florida Purchase Class (Doc. 98-4), revised Summary Notice (Doc. 98-5), and revised Long Form Notice (Doc. 98-6) (together, "Notice Packet"), as well as a Supplement to Motion for Preliminary Approval of Class Action Settlement Regarding 28 U.S.C. § 1712 (Doc. 99). Plaintiffs Troy Smith, Brendan C. Haney, and Gerald E. Reed, IV, individually and on behalf of all others similarly situated, and Defendant Costa Del Mar, Inc., request that the Court grant preliminary approval of the Agreement (Doc. 98-1), approve the Notice Packet (Docs. 98-4, 98-5, 98-6), and certify a settlement class.

Pursuant to Fed. R. Civ. P. 23(e)(1), the parties have provided the Court with sufficient evidence and information to enable the Court to determine that notice should be provided to the class. At this stage, under Rule 23(e)(1)(B), and based upon the information presented by the parties, it appears likely that this Court will be able to: (1) approve the proposed settlement as fair, adequate, and reasonable under Rule 23(e)(2); and (2) certify the class for purposes of judgment on the proposed settlement pursuant to Rules 23(a) and (b).

The Court is satisfied that notice should be given to the settlement class so that the Court may consider whether to give final approval to the settlement because it appears from the Motion, supplements, and matters of record that:

A.  Members of the settlement class are so numerous that joinder of all members is impracticable;

B.  There are questions of law and fact common to the proposed settlement class;

C.  The individual claims of Plaintiffs are typical of the claims of the settlement class;

D.  Plaintiffs are appropriate and adequate representatives for the settlement class;

E.  The questions of law and fact common to the settlement class predominate over any questions affecting only individual members;

F.  A class action is superior to other methods for fairly and efficiently settling this controversy; and

G.  The named Plaintiffs and Plaintiffs' counsel appear qualified to represent the putative class members.

Accordingly, it is hereby

**ORDERED**:

1.  The Unopposed Motion for Preliminary Approval of Class Action Settlement, Certification of Settlement Class, Approval of Notice to Settlement Class, and Incorporated Memorandum of Law (Doc. 91), as supplemented by Plaintiffs' Supplement to Motion for Preliminary Approval of Class Action Settlement Regarding 28 U.S.C. § 1712 (Doc. 99), is **GRANTED**, as stated

3

herein.[1]

2.  Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for settlement purposes only, the Court hereby certifies this litigation as a class action on behalf of the following class:

   a. <u>Florida Purchase Class</u>: All citizens of Florida who purchased Costa plano sunglasses from July 28, 2013 to January 31, 2018.

   b. <u>Florida Repair Class</u>: All citizens of Florida who: (i) purchased Costa plano sunglasses before January 1, 2018; and (ii) were charged a fee by Costa, from July 28, 2012 through the date of entry of the Court's Final Order, to repair or replace their Costa plano sunglasses damaged by accident, normal wear and tear, or misuse.

   c. <u>Nationwide Repair Class</u>: All citizens of the United States (excluding citizens of Florida) who: (i) purchased Costa plano sunglasses before January 1, 2018, and (ii) were charged a repair fee by Costa, from April 3, 2015 through the date of entry of the Court's Final Order, to repair or replace their Costa plano sunglasses damaged by accident, normal wear and tear, or misuse.

   d. <u>Warranty Class</u>: All citizens of the United States who: (i) purchased non-prescription Costa sunglasses prior to January 1, 2016; and (ii) paid Costa a warranty fee to repair or replace non-prescription sunglasses damaged by a manufacturer's defect from August 20, 2013 through the date of entry of the Court's Final Order.

---

[1] Upon review of Plaintiffs' Supplement to Motion for Preliminary Approval of Class Action Settlement Regarding 28 U.S.C. § 1712 (Doc. 99), which Plaintiffs submitted to address whether the proposed settlement is a coupon settlement, the Court is satisfied that the settlement is not a coupon settlement, and thus, that it need not adhere to the requirements of 28 U.S.C. § 1712.

4

Excluded from the class are: (1) Costa, any entity or division in which Costa has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the judge(s) to whom litigation is or has previously been assigned and each judge's respective staff; (3) counsel for the parties in this case; and (4) persons who timely and properly exclude themselves from the class.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement, the Court hereby appoints Plaintiffs Brendan Haney, Gerald Reed, and Troy Smith as class representatives of the class, and the Court hereby appoints Peter P. Hargitai, Joshua H. Roberts, Laura B. Renstrom, and Michael M. Gropper of Holland & Knight, LLP as Plaintiffs' class counsel to represent the class members for purposes of the settlement of the global action.

4. The Final Fairness Hearing on the certification of the settlement class, fairness and reasonableness of the Agreement (Doc. 98-1), whether final approval shall be given to it, consideration of any objections, and class counsel's request for attorneys' fees and expenses will be held on **April 20, 2021** at **2:00 p.m.** in Courtroom 10D of the Bryan Simpson U.S. Courthouse, 300 North Hogan Street, Jacksonville, FL 32202.[2]

---

[2] All persons entering the Courthouse must present photo identification to Court Security Officers. Although cell phones, laptop computers, and similar electronic devices are not generally allowed in the building, counsel are permitted to bring those items with them upon presentation to Court Security

5.  The proposed <u>Smith, et al., v. Costa Del Mar, Inc.</u> Settlement Claim Form for <u>Florida Purchase Class</u> (Doc. 98-4), the proposed Summary Notice (Doc. 98-5), and the proposed Long Form Notice of Proposed Settlement of Class Action (Doc. 98-6), as conformed to the dates in this Order, are **APPROVED**.

6.  The Court finds that the proposed methods for giving notice of the settlement to the class members, as set forth in this Order and the Agreement (Doc. 98-1), meet the requirements of Federal Rule of Civil Procedure 23 and the requirements of state and federal due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto. The Court authorizes the parties to make minor revisions to the Notice Packet (Docs. 98-4, 98-5, 98-6) as they may jointly deem necessary or appropriate, without necessity of further Court action or approval. The date and time of the Final Fairness Hearing shall be included in the Summary Notice (Doc. 98-5) and the Long Form Notice (Doc. 98-6) before they are mailed and published, respectively.

7.  The Court approves the designation of Epiq (the "Settlement Administrator") to supervise and administer the notice procedure in connection with the proposed settlement as well as the processing of claims as more fully

---

Officers of a Florida Bar card or Order of special admission <u>pro</u> <u>hac</u> <u>vice</u>.

set forth below. The Settlement Administrator shall disseminate notice to the class members as follows:

> a. As soon as practicable after the date this Order is entered, Defendant shall provide or cause to be provided to the Settlement Administrator (at no cost to the settlement fund, Plaintiffs' class counsel, or the Settlement Administrator) records reasonably available to Defendant concerning the identity and last known address of the class members, in electronic form or other form as is reasonably available to Defendant, which information the Settlement Administrator shall treat and maintain as confidential;
>
> b. Not later than **September 30, 2020**, the Settlement Administrator shall send the Long Form Notice (Doc. 98-6) to potential class members by electronic mail or first-class mail, at the addresses set forth in the records which Costa provided. The Settlement Administrator shall also send the Long Form Notice (Doc. 98-6) by first-class mail to any persons who request it in writing or through the toll-free telephone number;
>
> c. No later than **September 25, 2020**, the Settlement Administrator shall cause copies of the Long Form Notice (Doc. 98-6) and the Claim Form for the Florida Purchase Class (Doc. 98-4) to be posted on the settlement website;

7

    d. Not later than **September 30, 2020**, the Settlement Administrator shall cause the Summary Notice (Doc. 98-5) to be published in newspapers, magazines, and/or other media outlets, as further set forth in the Declaration of the Settlement Administrator (Doc. 91-4); and

    e. Not later than **March 1, 2021**, the Settlement Administrator shall file a declaration providing proof, by affidavit or declaration, of such mailing and publication. The declaration shall also detail the scope, method, and results of the notice program and claim process, and shall contain a list of those persons who have excluded themselves from the settlement.

    8. The costs of the class notice, processing of claims, creating and maintaining the settlement website, and other Settlement Administrator and class notice expenses shall be paid by Defendant in accordance with the applicable provisions of the settlement, and without further order of the Court.

    9. Florida Purchase Class members who wish to participate in the settlement and to be potentially eligible to receive a distribution from the settlement fund must complete and submit a Claim Form (Doc. 98-4) in accordance with the instructions contained therein. Unless the Court orders otherwise, all claim forms must be submitted to the Settlement Administrator no later than **January 31, 2021**. Notwithstanding the foregoing, the parties

may, at their discretion, accept for processing late claims, provided such acceptance does not delay the distribution of the settlement fund to the class. Any Florida Purchase Class member who does not timely and validly submit a Claim Form (Doc. 98-4) or whose claim is not otherwise approved by the Court: (a) shall be deemed to have waived his or her right to share in the settlement fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Agreement (Doc. 98-1) and all proceedings, determinations, orders and judgments relating thereto, including the Final Order, Final Judgment and the releases provided for therein, whether favorable or unfavorable to the Florida Purchase Class; and (d) shall be barred from commencing, maintaining, or prosecuting any of the Plaintiffs' claims against each and all of the released parties, as more fully described in the Agreement (Doc. 98-1).

10.   Any class member who wishes to exclude himself or herself from the class must request exclusion in writing within the time and in the manner set forth in the Long Form Notice (Doc. 98-6 at 7), which shall provide that: (a) any such request for exclusion from the class must be mailed or delivered such that it is received no later than **January 31, 2021**, and (b) each request for exclusion must be in writing, and must include (i) the potential class member's full name, telephone number, and address (the potential class member's actual residential address must be included); (ii) a statement that the potential class

9

member wishes to be excluded from the settlement; and (iii) the potential class member's dated, and handwritten or electronically validated, signature. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

11.  Any person who timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the class shall not be a class member, shall not be bound by the terms of the settlement or any orders or judgments in this action, and shall not receive any payment out of the settlement fund.

12.  Any class member who does not timely and validly request exclusion from the class in the manner stated in this Order: (a) shall be deemed to have waived his or her right to be excluded from the class; (b) shall be forever barred from requesting exclusion from the class in this or any other proceeding; (c) shall be bound by the provisions of the Agreement (Doc. 98-1) and all proceedings, determinations, orders, and judgments in this action, and the releases provided for therein, whether favorable or unfavorable to the class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Plaintiffs' claims against any of the released parties, as more fully described in the Agreement (Doc. 98-1).

13. Any class member who does not request exclusion from the Class may enter an appearance in this action at his or her own expense, individually or through counsel of his or her choice, by filing with the Court and providing copies to Plaintiffs' class counsel and Costa's counsel, a written statement of his or her objections, such that it is received by all parties no later than **March 1, 2021**.

14. The written objection must include:

   a. A heading referring to the global action;

   b. The objector's full name, telephone number, and address (the objector's actual residential address must be included);

   c. If represented by counsel, the full name, telephone number, and address of all counsel;

   d. A statement that the objector is a class member, including when and where the class member's eligible sunglasses were purchased and date(s) of any repair or warranty claims on such eligible sunglasses;

   e. All reasons for his or her objection;

   f. Whether the objector intends to appear at the Final Fairness Hearing on his or her own behalf or through counsel; and

   g. The objector's dated, and handwritten or electronically validated, signature.

11

15. Any documents supporting the objection must also be attached to the objection. If any testimony is proposed to be given in support of the objection, the names of all persons who will testify must be set forth in the objection.

16. Any class member who does not request exclusion from the class may file a written objection to the proposed settlement or to Plaintiffs' class counsel's Motion for Attorneys' Fees, Costs, and Expenses and appear and show cause, if he or she has any cause as to why the proposed settlement or Plaintiffs' class counsel's Motion for Attorneys' Fees, Costs, and Expenses should not be approved; provided, however, that no class member shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement or Plaintiffs' class counsel's Motion for Attorneys' Fees, Costs unless that person has filed a written objection with the Court and served copies of such objection on Plaintiffs' class counsel and Defendant's counsel at the addresses set forth below such that they are received no later than **March 1, 2021**.

| Plaintiffs' Class Counsel: | Defendants' Counsel: |
|---|---|
| **HOLLAND & KNIGHT LLP** | **MCGUIREWOODS LLP** |
| Peter P. Hargitai, Esq. | Sara F. Holladay-Tobias, Esq. |
| 50 North Laura Street, Suite 3900 | 50 N. Laura Street, Suite 3300 |
| Jacksonville, Florida 32202 | Jacksonville, Florida 32202 |

17. Any class member who does not make his or her objection in the manner provided herein shall be deemed to have waived his or her right to

object to any aspect of the proposed settlement and Plaintiffs' class counsel's Motion for Attorneys' Fees, Costs, and Expenses, and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the settlement or Plaintiffs' class counsel's Motion for Attorneys' Fees, Costs, and Expenses in this or any other proceeding.

18. Plaintiffs' class counsel shall file its Motion for Attorneys' Fees, Costs, and Expenses and its Motion for Final Approval of the Settlement (including responses to any objections) on or before **March 16, 2021**. Any responses to these motions must be filed by **March 31, 2021**.

19. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement.

**DONE AND ORDERED** in Jacksonville, Florida the 3rd day of September, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

tnm
Copies:

Counsel of record

13