UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TROY SMITH, individually and
on behalf of all others similarly situated,
GERALD E. REED IV, individually and
on behalf of all others similarly situated, *and*
BRENDAN C. HANEY, individually and
on behalf of all others similarly situated,

     Plaintiffs,

vs.

COSTA DEL MAR, INC.,
a Florida corporation,

     Defendant.

Case No. 3:18-cv-1011-TJC-JRK

### NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

**PLEASE READ THIS NOTICE CAREFULLY.  IT EXPLAINS YOUR RIGHTS AND OPTIONS TO PARTICIPATE IN A CLASS SETTLEMENT ("SETTLEMENT")**

**THIS IS <u>NOT</u> A NOTICE OF A LAWSUIT AGAINST YOU.**

- Costa Del Mar, Inc. ("Costa") settled a class action lawsuit related to whether Costa improperly (i) charged more than a "nominal" fee for repairs to Costa sunglasses damaged by accident, normal wear and tear, or misuse, and (ii) charged fees for warranty repairs on Costa sunglasses backed by a "Lifetime Warranty."

- You may be entitled to receive one or more product vouchers between $8.99 and $19.99, based on certain eligibility requirements discussed below.

- Please read this notice carefully.  Your legal rights are affected whether you act or don't act.

## WHO IS INCLUDED IN THE SETTLEMENT

**1. How do I know if I am part of the Settlement?**

The Settlement includes individual consumers, excluding officers and attorneys for Costa, judges presiding over the case, and Plaintiffs' Counsel, who meet one the following criteria:

| | |
|---|---|
| **Florida Purchase Class** | All citizens of the State of Florida who purchased Costa plano sunglasses from July 28, 2013 to January 31, 2018. |
| **Florida Repair Class** | All citizens of the State of Florida who:<br>(i) purchased Costa plano sunglasses before January 1, 2018; and<br>(ii) were charged a fee by Costa, from July 28, 2012 through the date of |

QUESTIONS? CALL 855-917-3479, EMAIL INFO@SUNGLASSESSETTLEMENT.COM,
OR VISIT WWW.SUNGLASSESSETTLEMENT.COM

| | |
|---|---|
| | entry of the Court's Final Order, to repair or replace their Costa plano sunglasses damaged by accident, normal wear and tear, or misuse. |
| **Nationwide Repair Class** | All citizens of the United States (excluding citizens of the State of Florida) who:<br>(i) purchased Costa plano sunglasses before January 1, 2018, and<br>(ii) were charged a repair fee by Costa, from April 3, 2015 through the date of entry of the Court's Final Order, to repair or replace their Costa plano sunglasses damaged by accident, normal wear and tear, or misuse. |
| **Warranty Class** | All citizens of the United States who:<br>(i) purchased non-prescription Costa sunglasses prior to January 1, 2016; and<br>(ii) paid Costa a warranty fee to repair or replace non-prescription sunglasses damaged by a manufacturer's defect from August 20, 2013 through the date of entry of the Court's Final Order. |

### 2. How do I know if my sunglasses are included?

All Costa brand non-prescription, non-promotional sunglasses ("plano sunglasses") are included in the Florida Purchase Class, Florida Repair Class, and Nationwide Repair Class, as those classes are described in question 1. The Florida Purchase Class, Florida Repair Class, and Nationwide Repair Class do not include USA Limited Edition, Kenny Chesney Limited Edition, and Ocearch Special Collection sunglasses.

All Costa brand non-prescription sunglasses are included in the Warranty Class as that class is described in question 1.

## BASIC INFORMATION ABOUT THE SETTLEMENT

### 3. Why was this Notice issued?

A court authorized this Notice because you may have a right to know about a proposed Settlement of this class action lawsuit and all of your options before the Court decides whether to give final approval to the Settlement. This Notice explains the lawsuit, the Settlement, and your legal rights. You are NOT being sued.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM (FLORIDA PURCHASE CLASS ONLY)** | If you are in the Florida Repair Class, Nationwide Class, or Warranty Class (described below), you are not required to submit a claim form. You will automatically receive the product voucher(s) to which you are entitled if the Settlement is approved and becomes final.<br><br>If you believe you are a member of the Florida Purchase Class, you must submit a claim form to get the benefits for which you may be eligible. This is the only way to get a product voucher(s).<br><br>**DEADLINE: January 31, 2021** |

| | |
|---|---|
| **EXCLUDE YOURSELF** | Ask to get out (opt out) of the proposed Settlement.  If you do this, you will receive no benefits, but you will retain any rights you may currently have to sue Costa about the claims in this case.<br>**DEADLINE: January 31, 2021** |
| **OBJECT** | Write to the Court explaining why you don't like the Settlement.<br>**DEADLINE: March 1, 2021** |
| **GO TO THE FAIRNESS HEARING** | Provide advance written notice to speak in Court about your opinion of the Settlement.<br>**DEADLINE: March 1, 2021**<br>**HEARING DATE: April 20, 2021** |
| **DO NOTHING** | Florida Purchase Class: You will not receive Settlement benefits that you may otherwise be eligible for, and you give up your rights to sue Costa about the claims in this case.<br>Florida Repair Class, Nationwide Repair Class, and Warranty Class: You automatically receive Settlement benefits that you are eligible for, and you give up your rights to sue Costa about the claims in this case. |

## 4. What is a Class Action?

In a class action, one or more people called "Class Representatives" (in this case, Troy Smith, Brendan Haney, and Gerald Reed) sue on behalf of all people who have similar claims.  The people included in the class action are called a "Class" or "Class Members".  One court resolves the issues for all Class Members, except those people who exclude themselves from the Settlement.

The Honorable Timothy J. Corrigan of the United States District Court for the Middle District of Florida, Jacksonville Division, is overseeing this class action.  The case is known as *Troy Smith, et. al. v. Costa Del Mar, Inc.*, Case No. 3:18-cv-01011-TJC-JRK.

## 5. What is this lawsuit about?

The lawsuit claims that (i) Costa's statement that it replaces scratched lenses, frames and other parts damaged by accident, normal wear and tear, or misuse for a "nominal fee" is false, deceptive, and misleading in violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201, *et seq.*, and constitutes a breach of warranty under the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, *et seq.*; and (ii) Costa's purported "Lifetime Warranty" against manufacturer's defects violates the substantive requirements of the MMWA, 15 U.S.C. §§ 2301, *et seq.*, because customers must pay a fee to take advantage of the "Lifetime Warranty."

Costa has denied and continues to deny all of the claims in the lawsuit and raised several defenses.

## 6. Why is there a Settlement?

The Court did not decide in favor of Plaintiffs or Costa.  Instead, both sides agreed to a Settlement.  The Settlement allows both Plaintiffs and Costa to avoid the uncertainty, cost, and risk of a trial, and offers benefits to those affected.  The Class Representatives and their attorneys think the Settlement is in the best interest of the Class.

| 7. | What can I get from the Settlement? |

Class Members can receive one or more product vouchers between $8.99 and $19.99 based on the class in which the class member qualifies. The vouchers are non-personalized, transferable, and may be combined (if you are eligible for multiple vouchers). The vouchers may be used to claim any items available for sale as of the date of use on the website of Costa (www.costadelmar.com) at a price equal to or less than the value of your voucher(s). Product(s) claimed using the vouchers will not be assessed sales tax and will be shipped to you free of charge. In other words, you can shop online for Costa products at absolutely no cost or charge to you, and without leaving your home. You may also use the vouchers to purchase any Costa product on the website in excess of the voucher amounts – you just have to pay the difference, plus applicable sales tax on such difference. All product vouchers will expire and become void two (2) years after they are issued.

You can read a detailed description of the product vouchers and their limitations in the Settlement Agreement. The Settlement Agreement is available at www.SunglassesSettlement.com.

Vouchers will be provided only if the Court finally approves the Settlement and after any appeal period expires or any appeals are resolved in favor of the Settlement.

| 8. | What am I giving up in exchange for the Settlement? |

If the Settlement is approved and becomes final, and you did not exclude yourself, all of the Court's orders will apply to you and legally bind you. That means you will not be able to sue, continue to sue, or be part of another lawsuit against Costa for the same claims asserted or which could have been asserted based on the factual allegations raised in the lawsuit. The specific rights you are giving up are called "Released Claims". The Released Claims are described in more detail in Paragraph XII(B) of the Settlement Agreement. The Settlement Agreement is available at www.SunglassesSettlement.com. If you have questions about the Released Claims or what they mean, you can talk to Class Counsel listed in Question 16 for free, or you can talk with your own lawyer.

## HOW TO GET A PRODUCT VOUCHER – SUBMITTING A CLAIM FORM

| 9. | How do I get a Product Voucher? |

If you are in the Florida Repair Class, Nationwide Class, or Warranty Class, you are not required to submit a claim form to receive a product voucher(s) if the Settlement is approved and becomes final. You will automatically receive the voucher(s) to which you are entitled through email or First Class Mail, at the address Costa has on file for you following the Final Effective Date.

Members of the Florida Purchase Class must submit a claim form to get the benefits for which they may be eligible. These individuals must submit a Claim Form by **January 31, 2021**. A Claimant who, by definition, would fall into both the Florida Repair Class and Florida Purchase Class, shall only be entitled to product voucher(s) from the Florida Repair Class for those sunglasses which were repaired and a fee paid to Costa. To the extent a Class Member may have additional sunglass purchases beyond the number of repair claims in the Florida Repair Class, that Class Member may submit a claim for those additional purchases not covered by the Florida Repair Class product voucher(s). You may access the Claim Form at www.SunglassesSettlement.com. Claims Forms are also available by calling 855-917-3479 or writing to the Claims Administrator at the address below. You may complete and submit your Claim Form through the website, by emailing the Claim Form to Claims@SunglassesSettlement.com, by faxing the Claim Form to 833-941-2794, or by mailing it to the Smith v. Costa Del Mar, Inc. Settlement, Settlement Administrator, P.O. Box 3259, Portland, OR 97208-3259.

To be considered valid, your Claim Form must include all of the requested information and your signature (physical or electronic) must be submitted or postmarked by **January 31, 2021**. The specific claim procedures are described in more detail in Paragraphs VII(A) through (G) of the Settlement Agreement.

### 10. When will I get my Product Voucher(s)?

You will receive your Product Voucher(s) after the Court approves the Settlement and any appeals are exhausted. The Court will hold a hearing on April 20, 2021 to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals. It is always uncertain whether the appeals can be resolved and resolving them can take time. Please be patient.

If you believe you are a member of the Florida Repair Class, Nationwide Repair Class, or Warranty Class, and you do not receive your product voucher(s) by September 15, 2021, or your contact information has changed, call 855-917-3479.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 11. How do I get out of the Settlement?

If you want to keep the right to sue or continue to sue Costa for the same claims in a different lawsuit, you must take steps to get out of the Class. This is called excluding yourself or opting-out of the Class.

To exclude yourself from the Settlement, you must send a letter by mail stating you want to be excluded from the *Troy Smith, et. al. v. Costa Del Mar, Inc.* lawsuit. Be sure to include your name, address, telephone number, and your signature. Your letter must be received by **January 31, 2021**, to: Smith v. Costa Del Mar, Inc. Settlement, Exclusions, P.O. Box 3259, Portland, OR 97208-3259.

You cannot exclude yourself by phone or email.

### 12. If I exclude myself, can I get a Product Voucher from this Settlement?

No. If you exclude yourself, you are telling the Court you do not want to be part of the Class in this Settlement. You can only get a product voucher if you stay in the Class and submit a Claim Form.

### 13. If I do not exclude myself, can I sue Costa for the same thing later?

No.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

Yes, the Court appointed the law firm of Holland & Knight LLP to represent you and other Class Members. The lawyers are referred to as "Class Counsel". You will not be charged for the services of these lawyers in this case. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 15. How will the lawyers be paid?

Class Counsel has not been paid for any of their work in this lawsuit. Class Counsel will ask the Court to award them attorney's fees and expenses of up to $12,000,000. They will also ask the Court for a payment of up to $10,000 for each of the three named Plaintiffs and Class Representatives (for a total of $30,000), for bringing the lawsuit and representing the Class. The Court may award less than these amounts. All of these amounts, as well as the cost to administer the Settlement, will be paid by Costa from the total settlement fund.

## OBJECTING TO THE SETTLEMENT

### 16. How do I tell the Court that I do not like the Settlement?

If you are a Class Member, you can object to the Settlement. You can give reasons why you think the Court should not approve it. The Court will consider your views before making a decision. Objections must be submitted in writing, must be signed and include:

1) The case name and number (*Troy Smith, et. al. v. Costa Del Mar, Inc.*, Case No. 3:18-cv-01011-TJC-JRK);
2) Your full name, current address, telephone number, and signature;
3) An explanation of the basis upon which you claim to be a Class Member and proof you are a Class Member;
4) The basis of your objection;
5) A statement confirming whether you intend to personally appear and/or testify at the Fairness Hearing;
6) The names, addresses, and phone numbers of all witnesses whom you or your attorney intends to call at the Fairness Hearing; and
7) A list of exhibits which you may use.

Your formal objection letter must be mailed to all of the locations listed below, received no later than **March 1, 2021.**

| Claims Administrator | Class Counsel | Costa's Counsel |
|---|---|---|
| Smith v. Costa Del Mar, Inc. Settlement Settlement Administrator P.O. Box 3259 Portland, OR 97208-3259 | Peter Hargitai Holland & Knight LLP 50 N. Laura Street, Suite 3900 Jacksonville, FL 32202 | Sara F. Holladay-Tobias McGuireWoods LLP 50 N. Laura Street, Suite 3300 Jacksonville, FL 32202 |

If you or your attorney plan to appear at the Fairness Hearing, you must deliver via First Class Mail to Plaintiffs' Class Counsel and Costa's Counsel and file with the Court a notice of intention to appear no later than **March 1, 2021**.

### 17. What is the difference between objecting and asking to be excluded?

Objecting is telling the Court you do not like something about the Settlement. You can object only if you stay in the Class (do not exclude yourself). Excluding yourself is telling the Court you do not want to be part of the Class. If you exclude yourself, you cannot object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

### 18. When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing (known as a "Fairness Hearing") to decide whether to approve the Settlement. You may attend, but you do not have to.

The Court will hold a Fairness Hearing at 2:00 p.m. on April 20, 2021, at the United States District Court for the Middle District of Florida, Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202, in Courtroom 10D. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the Fairness Hearing (*see*

Question 16).  The Court may also decide how much to pay Class Counsel and/or the three named Plaintiffs.  After the Fairness Hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.

The Fairness hearing may be moved to a different time or date without notice.  Changes will be posted at www.SunglassesSettlement.com.

### 19. Do I have to come to the Fairness Hearing?

No. Class Counsel will answer any questions the Court may have.  You are welcome to attend at your own expense.  If you send an objection, you do not have to appear in Court to talk about it.  As long as you filed your written objection on time, the Court will consider it.  You may also pay your own lawyers to attend, but it is not necessary.

### 20. May I speak at the Fairness Hearing?

Yes. You may ask the Court for permission to speak at the Fairness Hearing.  To do so, you must file a notice of intention to appear with the Claims Administrator (*see* Question 16) by **March 1, 2021**.  Be sure to include your name, address, telephone number, and your signature.  You cannot speak at the hearing if you exclude yourself.

### 21. What will happen if the Court does not approve the Settlement?

If the Court does not approve the Settlement, or if it approves the Settlement and the approval is reversed on appeal, or if the Settlement does not become final for some other reason, you will receive no benefits and the case will continue.  The parties may negotiate a different settlement or the case may go to trial.

## IF YOU DO NOTHING

### 22. What happens if I do nothing at all?

If you are in the Florida Purchase Class and you do nothing, you will not get any benefit from this Settlement. If the Settlement is approved and becomes final, all of the Court's orders will apply to you and legally bind you.  That means you will give up your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Costa about the same legal issues raised in this case.

If you are in the Florida Repair Class, Nationwide Repair Class, or Warranty Class and you do nothing, you will automatically receive the Settlement benefits that you are eligible for if the Settlement is approved and becomes final.  All of the Court's orders will apply to you and legally bind you.  That means you will give up your right to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Costa about the same legal issues raised in this case.

## GETTING MORE INFORMATION

### 23. How do I get more information?

This Notice summarizes the proposed Settlement.  More details are in the documents filed with the Court. You can get many of those documents and a Claim Form at www.SunglassesSettlement.com.  You may also review the Court's file in this case at the Office of the Clerk, United States District Court for the Middle District of Florida, Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202.  You can also call 855-917-3479 toll free; email info@SunglassesSettlement.com; write to the Smith v. Costa Del Mar, Inc. Settlement, Settlement Administrator, P.O. Box 3259, Portland, OR 97208-3259; or contact Class Counsel.  Please do not

call the Judge about this case. **Neither the Judge, nor the Clerk of Court, will be able to give you advice about this case. Furthermore, Costa's attorneys do not represent you and they cannot give you legal advice.**

Dated: September 25, 2020                                          By Order of the Court
                                                                   United States District Court
                                                                   Middle District of Florida