UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRENDAN HANEY, GERALD REED,
and TROY SMITH, individually and on
behalf of all others similarly situated,

Case No.: 3:18-cv-1011-J-32JRK

Plaintiffs,

v.

COSTA DEL MAR, INC., a Florida
Corporation

Defendant.

_____/

**DECLARATION OF JOHN W. DAVIS IN SUPPORT OF
OBJECTION TO PROPOSED SETTLEMENT**

I, John W. Davis, declare pursuant to 28 U.S.C. §1746 as follows:

1.    I make this declaration based on personal knowledge and am

competent to so testify.  I am a member of the Settlement Class as set

forth in the Settlement Agreement, DE98-1:8 at §8.

2.    I purchased a pair of Costa Del Mar "plano" sunglasses on September

22, 2013 at Dick's Sporting Goods in Daytona Beach, Florida.  A true

and correct copy of my receipt for this purchase is attached hereto as

Exhibit 1.

1

3.    On or about September 20, 2019, I delivered the eyeglasses referenced above to Costa Del Mar for warranty service concerning failure of the earpiece.  Costa Del Mar returned the repaired and/or replaced sunglasses to me shortly thereafter.  I paid $12.97 for this service.  A true and correct copy of my redacted credit card statement showing the charge is attached hereto as Exhibit 2.

4.    I am a resident of the State of Florida. Accordingly, I am a member of the Florida Purchase Class, the Florida Repair Class, and the Warranty Class.  Consistent with requirements of the Order Preliminarily Approving Settlement (DE102:11), my contact information is reflected in both this Declaration and in the Objection filed herewith.  Pursuant to my right to privacy, I object to placing my residential street address in the public record.  However, I will provide this information to the Court *in camera* if the Court finds it indispensable to the consideration of my objection.

5.    I am in the process of retaining Eric Alan Isaacson to represent me in this matter.  Mr. Isaacson intends to apply for admission *pro hac vice* in the next week and may be reached at:  Law Office of Eric Alan Isaacson, 6580 Avenida Mirola, La Jolla, CA 92037, (858) 263-9581, ericalanisaacson@icloud.com.  Mr. Isaacson intends to appear at the

2

fairness hearing provided that this Court grants his application to specially appear, and permits him to appear by telephone or video conference.   Mr. Isaacson has not yet received the Covid-19 vaccine and is unable to appear at an in-person hearing in light of health concerns.

6.   I received notice of the proposed settlement via electronic mail on September 30, 2020.  I was assigned Claim I.D. number DE7FDA269F. A true and correct copy of the notice is attached hereto as Exhibit 3.

7.   On or about January 28, 2021, I submitted an online claim as a member of the Florida Purchase Class.  A true and correct copy of my claim receipt is attached hereto as Exhibit 4.

8.   In addition to being a member of the Settlement Class, I am also a member of the Florida Bar and the State Bar of California, as well as member of the bar of this Court.  I devote a portion of my practice to assisting courts in evaluating proposed settlements, and challenging what appear to be unreasonable, unfair, or inadequate settlement terms.  My work in this area has served to sharpen Eleventh Circuit class action jurisprudence.

9.   For example, in *Muransky v. Godiva Chocolatier,* I was part of a team that helped clarify Eleventh Circuit case law concerning Article III

standing.  The Eleventh Circuit found, "Where a 'hypothetical future harm' is not 'certainly impending,' plaintiffs 'cannot manufacture standing merely by inflicting harm on themselves.'" *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 931 (11th Cir. 2020) (en banc) (quoting *Clapper v. Amnesty Int'l USA,* 568 U.S. 398, 416, 133 S. Ct. 1138, 1151 (2013)).

10.   I am also counsel of record in *Johnson v. NPAS Solutions,* where I successfully challenged on multiple grounds the district court's approval of a class-action settlement and attorneys' fee award.  As the Eleventh Circuit's published opinion explains:

> The class-action settlement that underlies this appeal is just like so many others that have come before it. And in a way, that's exactly the problem. We find that, in approving the settlement here, the district court repeated several errors that, while clear to us, have become commonplace in everyday class-action practice.

> First, the district court set a schedule that required class members to file any objection to the settlement—including any objection pertaining to attorneys' fees—more than two weeks before class counsel had filed their fee petition. In so doing, we hold, the court violated the plain terms of Federal Rule of Civil Procedure 23(h).

> Second, in approving the settlement, the district court awarded the class representative a $6,000 "[i]ncentive [p]ayment," as "acknowledgment of his role in prosecuting th[e] case on behalf of the [c]lass [m]embers." In so doing, we conclude, the court ignored on-point Supreme Court precedent prohibiting such awards.

4

Finally, in approving class counsel's fee request, overruling objections, and approving the parties' settlement, the district court made no findings or conclusions that might facilitate appellate review; instead, it offered only rote, boilerplate pronouncements ("approved," "overruled," etc.). In so doing, we hold that the court violated the Federal Rules of Civil Procedure and our precedents requiring courts to explain their class-related decisions.

We don't necessarily fault the district court—it handled the class-action settlement here in pretty much exactly the same way that hundreds of courts before it have handled similar settlements. But familiarity breeds inattention, and it falls to us to correct the errors in the case before us. We will reverse in part, vacate in part, and remand for further proceedings.

*Johnson v. NPAS Sols., LLC*, 975 F.3d 1244, 1248-49 (11th Cir. 2020).

11. Plaintiffs acknowledge in their motion for fees and incentive awards that petitions for en banc rehearing are pending in *Johnson* concerning these issues.  DE109:1-2. A true and correct copy of my client's rehearing petition discussing *Camden* is attached hereto as Exhibit 5.

12. I did not seek a fee in either *Muransky* or *Johnson*, and do not intend to seek compensation for my own personal efforts in the instant matter, but reserve the right to seek attorneys' fees for my counsel if my objection confers a substantial benefit on the class.

13. In addition to *Muransky* and *Johnson*, I have litigated cases which resulted in substantial financial benefits to the class or important precedential appellate decisions. *See, e.g., Coburn v. Stamps.com, Inc.* (Los Angeles Sup. Ct. No. BC 353721) (after briefing on appeal, the settling parties agreed to make a second distribution of transferrable settlement relief); *Foos v. Ann Taylor, Inc.* (S.D. Cal. No. 11-cv-2794), (successfully moved to require the settling parties to disclose publicly the number of claims for vouchers made in the settlement.); *Davis v. Cole Haan, Inc.* (N.D. Cal. No. 11-01826) (successfully moved for an order requiring class counsel's attorneys' fees to be calculated under the contingent "coupon" fee provisions of the Class Action Fairness Act, which resulted in a fee some 90% lower than the fee defendant had originally agreed to pay under the settlement); *Rodriguez, et al. v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009) (represented one of only two objectors' groups to be awarded fees for assisting in eliminating $325,000 in unfair "incentive" payments); *Lees v. Anthem Ins. Companies Inc.*, No. 4:13CV1411 SNLJ, 2015 WL 3645208, at *4 (E.D. Mo. June 10, 2015) (agreeing that attorneys' fees requested were too high, and should be measured against the fund actually paid out by the defendant, rather than the total fund made available); *Chieftain*

6

*Royalty Co. v Enervest Energy Institutional Fund XIII-A, L.P.*, 888 F.3d 455 (10th Cir. 2017) cert. denied sub nom. *Chieftain Royalty Co. v. Nutley*, 139 S. Ct. 482 (2018) (reversing and remanding percentage fee award and incentive award because district court applied incorrect law).

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct and that this declaration was executed on March 1, 2021 in Tampa, Florida.

        /s/  John W. Davis

        John W. Davis, *pro se*
        john@johnwdavis.com
        3030 N. Rocky Point Dr. W., Ste. 150
        Tampa, FL  33607
        (813) 533-1972

## CERTIFICATE OF SERVICE

CASE NO. 3:18-cv-1011-J-32JRK

I hereby certify that on March 1, 2021, I filed the foregoing document and attachments with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document and any attachments are being served this day either by Notice of Electronic Filing generated by CM/ECF or by U.S. mail on all counsel of record entitled to receive service.

Date:  March 1, 2021

_____
s/ John W. Davis
John W. Davis