# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

TROY SMITH, individually and on behalf of all others similarly situated, GERALD E. REED IV, individually and on behalf of all others similarly situated, *and* BRENDAN C. HANEY, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

COSTA DEL MAR, INC., a Florida corporation,

    Defendant.

Case No.: 3:18-cv-1011-J-32JRK

**JURY TRIAL DEMANDED**

## MOTION TO STRIKE OR EXCLUDE
## DECLARATION OF THOMAS SCOTT

COMES NOW Mitchell George Miorelli, P.E. ("Mr. Miorelli"), Objector in the above-referenced matter, who moves this honorable Court to strike or exclude from its consideration the Declaration of Thomas Scott.

### INTRODUCTION

As set forth in his Objection, Mr. Miorelli is a Class Member, member of the Florida Repair Class, and a member of the Warranty

1

Class (capitalized terms have the same meaning as in the Settlement Agreement unless otherwise defined). Mr. Miorelli has objected in the above-referenced matter.

In support of Class Counsel's Unopposed Motion for Attorneys Fees and Expenses and Conditional Request for Incentive Awards to Class Representatives (Dkt. 109), Class Counsel attached the Declaration of Thomas E. Scott, a retired United States District Judge (referred to herein as the "Scott Decl."). Judge Scott's declaration states that he was "asked by Class Counsel in this case to render an opinion on the fairness and reasonableness of the settlement and the reasonableness of their request for attorneys' fees and expenses." Scott Decl. ¶ 5.

However, as set forth herein, the only permissible "opinion on the fairness and reasonableness of the settlement" and the request for attorneys' fees in this case is that of the Court, not Judge Scott or any other purported expert. Many if not all paragraphs of the Scott Declaration are inadmissible under Federal Rules of Evidence 702 and 703, *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), and binding Eleventh Circuit precedent.

## I. Expert testimony is only allowed in limited situations.

Federal Rule of Evidence 702 only permits testimony by an expert if

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

In *Daubert*, the Supreme Court said that Courts have a gatekeeping role with expert testimony and should at least consider four factors when assessing whether expert testimony is admissible: (a) whether the expert's theory and methodology have been tested, peer-reviewed, or published; (b) the potential and known error rates for a particular technique; (c) any standards and controls applicable to the field; and (d) the degree of acceptance of the opinion among others qualified in the field. *Daubert*, 509 U.S. at 593-94.

The Eleventh Circuit has elaborated that district courts must conduct a three-part inquiry on admissibility of expert testimony,

3

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 562 (11th Cir. 1998). These qualification, reliability, and helpfulness prongs are "distinct concepts" and "the courts must take care not to conflate them." *U.S. v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004)

"The party offering the expert testimony carries the burden of laying the proper foundation for its admission, and admissibility must be shown by a preponderance of the evidence." *Webb v. Carnival Corp.*, 321 F.R.D. 420, 423 (M.D. Fla. 2017) (citing *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999) *and Frazier*, 387 F.3d at 1260).

Experts are not permitted to opine on the ultimate legal conclusions in a case. That is the exclusive domain of the Court. "[A]n expert may not testify as to his opinion regarding ultimate legal conclusions." *U.S. v. Delatorre*, 308 Fed.Appx. 380, 383 (11th Cir.

4

2009). "Courts must remain vigilant against the admission of legal conclusions[.]" *Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092. 1112 fn.8 (11th Cir. 2005) (internal citations and quotations omitted).

Finally, "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703.

## II. Judge Scott's declaration does not comport with the limited situations in which expert testimony is allowed.

Judge Scott's declaration consists of materials which do not comport with the rules of expert witnesses in three broad categories: (a) legal conclusions, (b) factual statements without foundation or which Judge Scott does not claim to have personal awareness of or have observed, and (c) opinions which are either not reliable or helpful under the Eleventh Circuit's three-prong test.

A. <u>Judge Scott's declaration contains impermissible legal conclusions.</u>

Judge Scott's declaration begins by saying that he was "asked by Class Counsel in this case to render an opinion on the fairness and reasonableness of the settlement and the reasonableness of their request for attorneys' fees and expenses." Scott Decl. ¶ 5. The

standard this Court applies to evaluate whether to grant final approval of the currently-pending Settlement Agreement is whether the Settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The standard this Court applies to evaluate whether to grant Class Counsel's attorney fee motion is whether those requested fees and expenses are "reasonable." *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991). Consequently, from the very beginning of his declaration, Judge Scott says that Class Counsel asked him to render an opinion on the two principle legal conclusions before the Court. In other words, this error was of Class Counsel's own making when he requested Judge Scott render expert opinions that are facially impermissible.

Just as requested, Judge Scott then proceeded to render those impermissible opinions. In paragraphs 15 to 43 of his declaration, Judge Scott proceeds through a discussion of Rule 23's "fair, reasonable, and adequate" requirement and the Eleventh Circuit's six-factor test in *Fought v. Amer. Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2012) ("(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the anticipated

6

complexity, expense, and duration of litigation; (5) the opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved."). At each point, he makes legal conclusions:

- "All of these factors are met in this case and support a finding that the settlement is fair, reasonable, and adequate." Scott Decl. ¶ 17.
- "The likelihood of success at trial was uncertain. Continued litigation posed significant risks to the class, and the settlement effectively balances those risks. This factor weighs in favor of approval of the settlement." Scott Decl. ¶ 26.
- "The range of possible recovery, in my opinion, also supports a finding that the settlement is fair, adequate, and reasonable." Scott Decl. ¶ 27.
- "These recoveries are outstanding given that settlements generally, and in class actions particularly, are usually considered fair, adequate, and reasonable even when they only represent a small percentage of the potential recovery." Scott Decl. ¶ 35.
- "The recoveries obtained become even more significant when one includes the injunctive relief secured from Costa, which is a significant additional benefit provided to the Class. […] This factor also strongly favors approval of the settlement." Scott Decl. ¶ 36.
- "The complexity, expense, and duration of this litigation also establishes that the parties reached a settlement that is fair and reasonable." Scott Decl. ¶ 37.
- "This factor supports a finding that the settlement is fair and reasonable." Scott Decl. ¶ 41.
- "My reading of these objections is that they actually support the fairness and reasonableness of the settlement because they demonstrate the good result obtained by counsel for the Class. As a result, this factor too strongly supports a finding that the settlement is fair and reasonable." Scott Decl. ¶ 42.

7

In paragraphs 44 to 87, Judge Scott renders his impermissible legal conclusion opinions on Class Counsel's requested fee award with reference to the sixteen factors in *Camden I* and other legal rules related to fee awards. Frequently Judge Scott's statements use the language of *Camden I* to directly opine on the ultimate legal outcome of the factors of that test, they are marked with citations to ease the reader's comparison to the relevant *Camden I* provision:

- "Moreover, in addition to monetary benefits provided by the settlement, the Court should also consider non-monetary relief in valuing the benefits to the class." (citing numerous cases) Scott Decl. ¶ 47.
- "Here, all of the applicable factors weigh in favor of approval of Class Counsel's request for an award of $12,000,000 in attorneys' fees and expenses." Scott Decl. ¶ 49.
- "This requested fee is therefore fully consistent with and falls well within, if not below, the range of the customary fee awarded in common fund cases, many of which have awarded much higher percentages." *Id. compare with Camden I* Factor 5, "the customary fee."
- "The time and labor required to obtain a favorable settlement of the Litigation was extraordinary." Scott Decl. ¶ 50 *compare with Camden I* Factor 1 "the time and labor required."
- "The complexity and novelty of the claims asserted in the Litigation also establish that Class Counsel's request for attorneys' fees and expenses is reasonable." Scott Decl. ¶ 51 *compare with Camden I* Factor 2 "the novelty and difficulty of the questions involved."
- "The litigation was both factually and legally complex and involved novel issues across three separate putative class actions." Scott Decl. ¶ 56 *compare with Camden I* Factor 2.
- "The Litigation was lengthy and required substantial expertise and resources. Class Counsel are experienced in complex

8

commercial litigation, invested substantial resources, and displayed considerable expertise in the subject matter of the cases. A high degree of skill was required and displayed by Class Counsel to prosecute the Litigation, which as described above involved novel theories and arguments across multiple different state and federal courts." Scott Decl. ¶ 57 *compare with Camden I* Factors 3 "the skill requisite to perform the legal service properly" *and* 9 "the experience, reputation, and ability of the attorneys."

- "This cost Class Counsel not only the revenue it would have ordinarily derived from its traditional hourly billing practice, but also precluded Class Counsel from concentrating on and expanding its practice and its existing client base and with respect to potential new clients." Scott Decl. ¶ 59 *compare with Camden I* Factor 4 "the preclusion of other employment by the attorney due to the acceptance of the case."
- "The attorneys' fees sought in this case are well within the range of attorneys' fees typically awarded in similar class actions." Scott Decl. ¶ 60 *compare with Camden I* Factor 5.
- "In accordance with these authorities, in common-fund settlements, this Court has typically awarded attorneys' fees in an amount between 25% and 30% of the total value of the settlement." Scott Decl. ¶ 60 *compare with Camden I* Factor 5 and Factor 12 "awards in similar cases."
- "The injunctive relief is a significant value to the class." Scott Decl. ¶ 66
- "Class Counsel's request for $12,000,000 in attorneys' fees and expenses constitutes less than 11% of the value afforded by the settlement and falls well below the 25% 'benchmark' for attorneys' fees awarded for common fund settlements in the Eleventh Circuit." Scott Decl. ¶ 67 *compare with Camden I* Factors 5 and 12.
- "This request falls well within the range of reasonable fee awards and below the benchmark in this Circuit. In my opinion, however, it is appropriate and warranted to ascribe some material value to the injunctive relief secured by the settlement, which further reduces the percentage of the attorneys' fees requested." Scott Decl. ¶ 68 *compare with Camden I* Factors 5 and 12.

9

- "Class Counsel prosecuted each of the *Reed, Haney, and Smith* Actions completely on a contingency fee basis and reasonably incurred more than $2.5 million in attorney and paralegal time during the course of the Litigation." Scott Decl. ¶ 69 *compare with Camden I* Factor 6 "whether the fee is fixed or contingent."
- "In my opinion, the attorneys' fees awarded in this case should compensate Class Counsel not only for the time incurred in prosecuting the Litigation, but also for the loan of those services and substantial risk that Class Counsel undertook in providing the services." Scott Decl. ¶ 70.
- "This substantial recovery is an excellent benefit to the settlement class, especially in light of the significant risks posed by continued litigation." Scott Decl. ¶ 74 *compare with Camden I* Factor 8 "the amount involved and the results obtained."
- "The substantial benefits available to class members under the settlement greatly outweigh the risks of continued litigation." Scott Decl. ¶ 78.
- "In sum, Class Counsel faced tremendous difficulty and risk in bringing this matter but were nonetheless able to obtain excellent relief for the Class." Scott Decl. ¶ 81.
- "While one objector may have a positive experience with Costa, I do not view these comments as a basis for opposing the settlement for the benefit of all the class members." Scott Decl. ¶ 82 *compare with Camden I* Factor 14 "whether there are any substantial objections by class members or other parties to the settlement terms or fees requested by counsel."
- (Discussing the Stewart objection) "I do not view these comments as a basis in any way to negate the settlement agreement." Scott Decl. ¶ 83.
- (Discussing the Edmiston objection) "Mr. Stewart's [sic] objection underscores the fairness and reasonableness of the settlement." Scott Decl. ¶ 84.
- "These objections further demonstrate that the relief secured by the settlement is an excellent result for the class. As a result, this factor too strongly supports the fee requested." Scott Decl. ¶ 85 *compare with Camden I* Factor 14.
- "The sheer number of consumers who are eligible to obtain relief under this settlement supports Class Counsel's requested fee

10

award." Scott Decl. ¶ 86.
- "Moreover, as discussed above, the significant non-monetary injunctive relief and the large financial risk assumed in prosecuting the Litigation both support the fee requested." Scott Decl. ¶ 87 *compare with Camden I* Factor 15 "any non-monetary benefits conferred upon the class."
- "In conclusion, after a thorough review and analysis of this matter, I am of the opinion that (a) the settlement reached is fair, adequate, and reasonable; and (b) the Attorneys' Fees and Costs requested of $12,000,000, which falls below the benchmark for fee awards in the Eleventh Circuit, is reasonable and well within the range of acceptable fee awards." Scott Decl. ¶88.

In each of these 31 paragraphs where Judge Scott gives impermissible opinions on legal conclusions, if the impermissible portion of the paragraph were removed, all that would remain is a recitation of either facts copied from elsewhere in the record or legal argument already presented by Class Counsel. Merely reciting Class Counsel's legal arguments or repeating factual assertions of others cannot help the Court "through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *Tuscaloosa*, 158 F.3d at 562. If Class Counsel wished to express these opinions in his motions he could (and has), but if Judge Scott wants to as well, he should join the Class Counsel legal team, not try to judge the case from the sidelines.

11

B. <u>Judge Scott's declaration includes factual statements either without a foundation or which Judge Scott does not claim to have personally observed.</u>

Many of the factual statements in Judge Scott's declaration either have an inadequate foundation or are not matters Judge Scott claims to have personally observed.

For example, in paragraph 11.b and c, Judge Scott repeats effectively verbatim Class Counsel's claims about the value of the no-shipping fee and no sales tax provisions of the Settlement Agreement. *Compare* Scott Decl. ¶ 11.b-c *with* Dkt. 91 at 8. That repetition happens again in paragraphs 63 and 64 of the Scott Declaration. But as discussed in Mr. Miorelli's objection, both of those claims are inaccurate (Costa already gives everyone free shipping and it seems unlikely any Class Member would owe sales tax on the Product Voucher anyway). But for purposes of his testimony, Judge Scott needs something more than a version of 'Class Counsel said it so therefore in my expert opinion it's true' to be admissible before the Court. Merely repeating the declaration of another is not permitted by Federal Rule of Evidence 703.

Another example is in paragraph 14 where Judge Scott simply quotes the statement of Costa VP Travis Owens. What is Judge

12

Scott's basis for that factual assertion? That he believes it to be true because Travis Owens said so? That's not admissible expert testimony.

In paragraph 62, Judge Scott says the settlement is worth over $60 million. But nowhere in his declaration does Judge Scott claim to have made an independent evaluation of the values Class Counsel ascribed in his filings. So again, all we know is that Judge Scott has read the motions and repeated its claims. That is not expert testimony to help the Court understand something complex, it is just repetition. There are numerous other examples of this sort of blind repetition in Judge Scott's declaration. It might be one thing if an expert recited a few general facts in a declaration to set the stage for the provision of his expert opinions. But in this case, the "opinions" Judge Scott provided were either legal arguments or statements of legal conclusion reserved to the Court.

Finally, in paragraph 72, Judge Scott asserts that "Class Counsel took on a corporate defendant with vast resources necessary to withstand a lengthy legal battle." Scott Decl. at ¶ 72. But Judge Scott does not claim in his declaration to have any particular knowledge about the financial resources of Costa Del Mar, Inc.. He

13

makes no claim of knowledge of the subsidiary-parent relationship between Costa Del Mar, Inc. and EssilorLuxottica SA, its French publicly-traded parent. What is Judge Scott's basis for his sworn statement regarding Costa Del Mar's capitalization?

### C. Judge Scott's declaration includes opinions which are either not reliable or not helpful under the Eleventh Circuit's three-prong test.

Even where Judge Scott expresses an opinion other than recitation of Class Counsel's arguments or a statement of his own legal conclusions, those opinions are not reliable or helpful.

For example, Judge Scott calls the settlement "modern" in paragraph 11 of his declaration. Scott Decl. at ¶ 11. Perhaps if Judge Scott had some further expert insights to explain to the Court why the structure of this settlement rendered it "modern" this would be a path toward a successful expert opinion. But he does not explain that adjective and instead just recites Class Counsel's formulation of the "benefits" of the Settlement to the Class. *Id.* Upon closer review, it seems Judge Scott may have called the Settlement "modern" on January 25, 2021 for no reason other than because Class Counsel called it "modern" in his May 1, 2020 motion for preliminary approval. *Compare* Scott Decl. at ¶ 11 ("The settlement in this case is

14

a modern class-action settlement…") *with* Dkt. 91 at 1 ("The Settlement is a modern settlement…"). How is it helpful to the Court for Judge Scott to repeat Class Counsel's legal argument in an expert's declaration?

This sort of repetition for repetition sake is rampant in the Scott Declaration and none of it comports with the Eleventh Circuit's reliability or helpfulness prongs. *See, e.g.*, Scott Decl. at ¶ 75-77 (repeating, including the table, details about the product vouchers and voucher distribution already found in the Settlement itself at Dkt. 98 at 15-16). It should be stricken.

### III.   CONCLUSION

While Mr. Miorelli disagrees with much of Class Counsel's perspective on the Settlement Agreement, Class Counsel has every right to express his perspectives *himself* and has done so in numerous filings before the Court. Mr. Miorelli also believes that there are likely situations where a retired judge might have useful insights about a class action settlement to share, such as the parties' conduct in settlement negotiations supervised by that retired judge.

But Judge Scott does not present such admissible expert evidence. Instead, Judge Scott told us Class Counsel hired him to

opine on the ultimate legal issues at issue here – a matter exclusively reserved to the judgment of the Court and on which experts may not opine under the Federal Rules of Evidence. Much of that opining ended up being an exercise in restating or repeating arguments or declarations of others, which on its own is also inadmissible. None of it is helpful, much less readily able for the Court to subject to a *Daubert* determination.

Consequently, and because of the importance of the Class being fully informed of what the Court takes into account in making its final approval and attorneys' fee decision, the Court should explain on the record that it is either striking Judge Scott's declaration or ignoring it due to its fatal defects.

DATED: March 1, 2021

Respectfully submitted,

                             */s/ Sam A. Miorelli, E.I., Esq.*
                             Sam A. Miorelli, E.I., Esq. (FL Bar # 99886)
                             **Law Office of Sam Miorelli, P.A.**
                             1141 Mission Ridge Court
                             Orlando, FL 32835
                             Telephone: 352-458-4092
                             E-Mail: sam.miorelli@gmail.com

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), I certify that I conferred with Class Counsel via e-mail and telephone on February 27, 2021 regarding the foregoing motion and we were unable to agree on the resolution of all or part of the motion.

/s/ *Sam A. Miorelli*
Sam A. Miorelli, E.I., Esq.