UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRENDAN HANEY, GERALD REED, and
TROY SMITH, individually and on behalf
of all others similarly situated,

    Plaintiffs,

v.   Case No.: 3:18-cv-1011-J-32JRK

COSTA DEL MAR, INC.,
a Florida corporation,

    Defendant.
_____/

## SUPPLEMENT TO CLASS COUNSEL'S UNOPPOSED MOTION FOR ATTORNEYS' FEES AND EXPENSES

Class Counsel hereby supplements their Unopposed Motion for Attorneys' Fees and Expenses and Conditional Request for Incentive Awards to Class Representatives (Doc. 109; Motion for Attorneys' Fees) as follows:

1.    On September 3, 2020, the Court entered its Order Preliminarily Approving Settlement, Certifying a Settlement Class, and Providing for Notice (Doc. 102; Preliminary Approval Order). In the Preliminary Approval Order, the Court expressly held that "the Court is satisfied that the settlement is not a coupon settlement, and thus, that it need not adhere to the requirements of 28 U.S.C. § 1712." (Preliminary Approval Order, Doc. 102 at 4 n.1). The Court's holding was correct.

2.    Based on the Court's Preliminary Approval Order, Class Counsel filed, on February 8, 2021, its Motion for Attorneys' Fees. The Motion for Attorneys'

Fees requests an award of attorneys' fees based upon the prevailing percentage-of-the-benefit approach established by the Eleventh Circuit. *Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 774-75 (11th Cir. 1991) (hereinafter, "*Camden I*"); *see also Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295-96 (11th Cir. 1999) (affirming $13.3 million attorneys' fee award and $2,400,204 in expenses from a $40 million fund). The motion is supported by various declarations, including the Declaration of former United States District Judge, Thomas E. Scott, who opines on the various factors applicable under a *Camden I* analysis. *See* (Scott Decl., Doc. 109-1). In addition, although not necessary and merely in an effort to be transparent to the Court and the class, the motion sets forth detailed information regarding Class Counsel's fees and expenses incurred, including Class Counsel's hourly rates and hours incurred on the litigation. *See* (Motion for Attorneys' Fees, Doc. 109 at 13 n.7); (Supp. Decl. of Peter Hargitai, Doc. 109-4) (setting forth the hourly rate and hours incurred by each timekeeper).

3. On March 1, 2021, John W. Davis, Mitchell George Miorelli, and Austin Valls (collectively, "Objectors") appeared and filed objections (Docs. 112, 115, and 117; collectively, "Objections") to the settlement. As detailed in Class Counsel's Response to the Objections, filed contemporaneously herewith, the Objectors are serial and professional objectors who (as they have done many times in the past) seek to delay distribution of settlement benefits for their own personal gain. The Objectors principally assert, contrary to the Court's prior ruling, that this settlement constitutes a "coupon" settlement under 28 U.S.C. § 1712 such that

Class Counsel cannot be awarded attorneys' fees based on *Camden I*'s percentage-of-the-benefit approach.

4. For the reasons set forth in detail in Class Counsel's Response to the Objections, and Class Counsel's previously-filed Supplement to Motion for Preliminary Approval of Class Action Settlement Regarding 28 U.S.C. § 1712 (Doc. 99), the Objectors are wrong. This settlement does not constitute a "coupon" settlement under CAFA.

5. Nevertheless, in order to avoid a delay in distribution of settlement benefits, Class Counsel supplements its Motion for Attorneys' Fees to respectfully request that the Court award Class Counsel attorneys' fees: (i) based on the percentage-of-the-benefit approach in *Camden I* (as a non-coupon settlement); but also (ii) alternatively and in the event that CAFA was deemed to apply, based on the lodestar-with-multiplier approach permitted by CAFA, 28 U.S.C. § 1712(b)(1), (c).[1] Class Counsel respectfully submits that the amount of these alternative awards should be the same under either approach.

6. District Courts in the Eleventh Circuit have taken this precise approach to awarding fees in similar settlements. *See Parsons v. Brighthouse Networks, LLC*, No. 2:09-CV-267-AKK, 2015 WL 13629647, at *7 (N.D. Ala. Feb. 5, 2015) (holding that CAFA's coupon provision did not apply because account

---

[1] The legal basis for awarding fees under the lodestar-with-multiplier approach in a coupon settlement is explained in detail in Class Counsel's Response to Objections. (Response to Objections, at 21-26); *see also* 28. U.S.C. § 1712(b)(1), (c). While Class Counsels' costs are subsumed in the percentage of fund recovery, they are recoverable as part of an alternative lodestar analysis.

credits were not *discounts* off the purchase of services, but were instead essentially the equivalent of cash that could be spent to purchase new services outright without spending any of the customers' own money, but nonetheless awarding fees based on alternative bases).  The *Parsons* court held that, because CAFA did not apply, it would award attorneys' fees based on a percentage of the recovery, as required by *Camden I*.  But the *Parsons* court also held that, even if CAFA was deemed to apply, the court was permitted to award fees based on a lodestar calculation, with a multiplier, and the same amount of attorneys' fees were therefore awarded by the court under that approach.  *Id*. at * 15 (awarding fees, alternatively, based on a lodestar-with-multiplier approach, applying multiplier, and collecting cases and other authorities including a class action treatise indicating that "the average multiplier found to be reasonable was 3.89").  The *Parsons* analysis and alternative awards is precisely what Class Counsel seeks here.

  7. While Class Counsel believes that the Motion for Attorneys' Fees sets forth enough information—the hourly rates and hours incurred by each time keeper—to determine an appropriate attorneys' fee based on the alternative loadstar-with-multiplier approach, Class Counsel hereby supplements its Motion for Attorneys' Fees with the following:

  a. **Timesheets.** The Second Supplemental Declaration of Peter Hargitai (Doc. 131) attaches Class Counsel's timesheets for the *Haney*, *Reed*, and *Smith* Actions, which contain a detailed description of the work performed by each timekeeper, and the hourly rate charged for the work, in each matter; and

b.      **Expert Declaration**. The Declaration of Barry Richard, Esq. (Doc. 132) addresses (i) the reasonableness of Class Counsel's hourly rates; (ii) the hours reasonably incurred by Class Counsel; and (iii) factors supporting the appropriate multiplier here.

8.      In the interest of brevity, and to the extent necessary, Class Counsel references and incorporates its lodestar-with-multiplier analysis set forth in its Response to the Objections, filed contemporaneously herewith. *See* (Response to Objections, at 27-35).

9.      For the foregoing reasons, Class Counsel supplements its Motion for Attorneys' Fees to request that the Court award Class Counsel attorneys' fees based on *Camden I*'s percentage-of-the-benefit approach, but also alternatively and in the event CAFA was deemed to apply, using the lodestar-with-multiplier approach under CAFA, 28 U.S.C. § 1712(b)(1), (c).

Respectfully submitted this 19th day of March, 2021.

> **HOLLAND & KNIGHT LLP**
>
> /s/ Peter P. Hargitai
> Peter P. Hargitai (FBN 85375)
> peter.hargitai@hklaw.com
> Joshua H. Roberts (FBN 042029)
> joshua.roberts@hklaw.com
> Laura B. Renstrom (FBN 108019)
> laura.renstrom@hklaw.com
> Michael M. Gropper (FBN 105959)
> michael.gropper@hklaw.com
> 50 North Laura Street, Suite 3900
> Jacksonville, Florida 32202
> Telephone: (904) 353-2000
> Facsimile: (904) 358-1872
>
> *Attorneys for Plaintiffs and the Class*