# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| TROY SMITH, individually and on behalf of all others similarly situated, BRENDAN C. HANEY, individually and on behalf of all others similarly situated, and GERALD E. REED IV, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>COSTA DEL MAR, INC., a Florida Company,<br><br>      Defendant. | Case No. 3:18-cv-01011-TJC-JRK |

## AUSTIN VALLS' MOTION FOR ATTORNEYS' FEES
## AND CONDITIONAL OBJECTOR INCENTIVE AWARD

Pursuant to Fed. R. Civ. P. 54 and M.D. Fla. R. 7.01(b), Objector Austin Valls, through undersigned counsel, files this Motion for Attorneys' Fees and Conditional Objector Incentive Award. In support, Objector Valls states:

1.    Austin Valls filed an objection to class counsels' motion for $12 million in attorneys' fees, a response to the supplement to their motion, and argued during the fairness hearing, providing authority-based support for the Court to reduce the requested fees substantially. Although his CAFA argument was not

adopted, several of Valls' arguments appear to be found in the Court's analysis, contributing to the Court's $4 million reduction of class counsels' requested fees. As Valls' objection and the Court's order describe, this $4 million reduction "shall inure to the benefit of the Class" under the terms of the settlement. Dkt. 115 at 5 (objection citing settlement Dkt. 98 at XA); Dkt. 151 (order reducing attorneys' fees by $4 million, which "inure to the benefit of the class").[1] Further, Valls participation as an objector benefitted the litigation by providing an adversarial context for consideration of settlement approval and class counsels' motion for $12 million in fees. For these reasons and others, Valls moves for reasonable attorneys' fees and a conditional incentive award as described herein.

2. Class action jurisprudence has developed common law recognizing that objectors who provide a beneficial effect on the litigation should be awarded attorneys' fees. *See e.g., In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 358 (N.D. Ga. Mar. 22, 1993). This is sometimes referred to as the equitable common fund doctrine.[2] On this ground, Valls hereby requests an award of attorneys' fees based on his contributions to the litigation and resulting increase of

---

[1] Valls fully understands the Court ordered briefing schedule on how the $4 million benefit is to be conveyed. Dkt. 151 at 45. Nevertheless, since the $4 million benefit to the class is already ascertainable, Valls moves for fees in connection with the Court's judgment.

[2] As requested by Valls (Dkt. 115 at 11-13), this Court struck the provision in the settlement purporting to preclude objectors from recovering their attorneys' fees and attempting to disavow the equitable common-fund doctrine. Dkt. 151 at 27.

$4 million in class benefits.[3]

3. The estimated amount of attorneys' fees proposed by Valls is $250,000, which Valls requests as 6.25% of the $4,000,000 increase to class benefits. This percentage-based request will fall below class counsels' own 2.8 lodestar multiplier on cross-check. Valls further requests that, in the interests of equity, the attorneys' fees be funded from class counsels' fee award.

4. Valls also moves for an objector incentive award in the amount of $2,500 for his contributions. Valls, like class counsel, requests this incentive award be conditioned on the Eleventh Circuit's vacatur of *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244 (11th Cir. 2020). Valls also requests that any conditional incentive award be funded from class counsels' fees.

5. If the Court grants this motion on entitlement under Local Rule 7.01(b), he will file a supplemental motion on the amount of fees within 45 days of any order as contemplated under Local Rule 7.01(c).

## MEMORANDUM OF LAW

### I. Objectors are Entitled to Fees for Providing an Adversarial Context and/or Delivering Benefits to Settlement Classes.

6. Under common law, when objections "produce a beneficial effect upon the progress of the litigation, an award of fees [is] appropriate." *Domestic*

---

[3] This fee request is made without waiving, in any respects, Valls' objection to the settlement and attorneys' fees award.

*Air*, 148 F.R.D. at 358 (citing *Frankenstein v. McCrory Corp.*, 425 F. Supp. 762, 767 (S.D.N.Y. 1977)). This encourages "broad participation in" the class action settlement process. *Great Neck Capital Appreciation Inv. P'ship, L.P. v. Pricewaterhousecoopers*, 212 F.R.D. 400, 413 (E.D. Wis. 2002). Fees are appropriate even where objections are "ultimately overruled," assuming "the presence of an objector represented by competent counsel transformed the settlement into truly adversarial proceedings." *Domestic Air*, 148 F.R.D. at 358 (quoting *Frankenstein*, 425 F.R.D. at 358). "If objectors' appearance sharpens the issues and debate on the fairness of the settlement, their performance of the role of devil's advocate warrants a fee award." *Id.* "Objectors deserving of compensation may cause the Court 'to spend even more hours in analyzing and assessing the complex agreement, and cast in sharp focus the question of the fairness and adequacy of the settlement to all members of the class.'" *Id.*

7. Faced with a claim for objector's attorneys' fees, "the court should consider 'whether the efforts of objectors' counsel 'improved' the settlement, 'assisted the court,' and/or enhanced the recovery in any discernible fashion." Great Neck, 212 F.R.D. at 413 (quotation omitted); *see also Petrovic v. Amoco Oil Co.,* 200 F.3d 1140, 1156 (8th Cir. 1999) (awarding fees where objector's counsel provided a benefit or enhanced the adversarial process); *Uselton v. Commercial Lovelace Motor Freight, Inc.,* 9 F.3d 849, 855 (10th Cir. 1993) (awarding fees to

4

objecting counsel because the court found that the objection was valid and conferred a net benefit on the class); *Domestic Air,* 148 F.R.D. at 359; *Howes v. Atkins,* 668 F. Supp. 1021, 1027 (E.D. Ky. 1987) (awarding fees because "objector's counsel ably performed the role of devil's advocate").

8.       Additionally, when objectors' efforts contribute to an increase in class benefits, they are entitled to fees. *See, e.g., Rodriguez v. West Pub'g Co.*, 563 F.3d 948, 963 (9th Cir. 2009) (finding it "clearly erroneous" to deny fees to objectors whose arguments increased the class' fund by $325,000); *In re Southwest Airlines Voucher Litig.*, 898 F.3d 740 (7th Cir. 2018) (reversing denial of fees to objector who conferred benefit on the class); *Eubank v. Pella Corp.*, 753 F.3d 718, 720 (7th Cir. 2014) (when objections produce a more favorable class recovery, "the objectors will receive a cash award that can be substantial"); *Eubank v. Pella Corp.*, No. 06-CV-4481, 2019 WL 1227832, at *8 (N.D. Ill. Mar. 15, 2019) ("It is well recognized that objectors who add value to litigation through their successful objections are entitled to recover a substantial share of overall attorney's fees."); *Garst v. Franklin Life Ins. Co.*, No. 97-C-0074-S, 1999 U.S. Dist. LEXIS 22666 (N.D. Ala. June 28, 1999) (awarding objector's counsel $600,000 based on objections that resulted in enhanced relief to class).

## II. Valls Provided a Benefit to the Class by Providing an Adversarial Context for the Previously Agreed-upon $12 Million Fee.

9. Here, Valls contributed meaningfully to the litigation by providing an adversarial context on class counsels' requested $12 million fees, which the parties agreed would be unopposed by Costa. *See e.g.,* Dkt. 146 at 19, 22 (court ostensibly acknowledging in colloquy with Valls' counsel the adversarial benefit provided by the objection during the fairness hearing). Valls submitted a thorough objection to class counsels' proposed $12 million fee, supported with analyses of legal authority applied to the terms and benefits of the settlement, along with a supporting declaration from Valls. Dkt. 115, 115-1. Moreover, it appears Valls' objection was the first among others to suggest this amount was exaggerated, which class counsel *later* tacitly acknowledged. Further, Valls was the only litigant to file a response, with leave of Court, to class counsels' supplement advancing an alternative lodestar basis for their requested $12 million fee. Dkts. 143, 144. Valls counsel further belabored the excess in fees during the fairness hearing. Dkt. 146 at 3, 18-33, 85-87. In sum, Valls' objections and arguments assisted in transforming the proceedings "into truly adversarial proceedings" and sharpened the issues and debate concerning the settlement and class counsels' attorneys' fees. *Domestic Air*, 148 F.R.D. at 358.

### III. Valls' Arguments Contributed to the Additional $4 Million Class Benefit.

10. Although the Court did not adopt his position on CAFA, several of Valls' arguments appear to be adopted in the Court's order.

11. First, although the Court declined to apply CAFA, it embraced Valls' arguments in insisting that in reducing fees, it intends to "increase the value of the settlement to the class by $4 million." Dkt. 151 at 45. The Court observed that this fee reduction will be accomplished "assumedly through increased voucher amounts." *Id*. Yet, as the Court recognized, "that means Costa will only pay a portion of the $4 million because not all class members will redeem their vouchers." *Id*.

12. The Court's insistence that the $4 million reduction should have a concomitant $4 million class benefit follows Valls' concerns argued throughout his briefing that (1) the vouchers do not necessarily disgorge the defendant of ill-gotten gains, and (2) not all class members will redeem the vouchers. Dkt. 115 at 1, 4, 15; Dkt. 144 at 1, 3-4; Dkt. 146 at 26. Valls' argument was that "[w]hatever the actual redemption rates, they are certain to be less than 10%." Dkt. 115 at 4; Dkt. 144 at 3-4. Valls substantiated that argument with an article noting that redemption rates for consumer class actions generally fall within the range of "the annual corporate issued promotional coupon redemption rates of 1-3%." *Id.* (citing James Tharin & Brian Blockovich, Coupons and the Class Action Fairness Act, 18 GEO.

7

J. LEGAL ETHICS 1443, 1445, 1448 (2005)). For this reason, Valls repeatedly called for the Court not to treat the vouchers as the equivalent of their face value. Dkt. 115 & 144, *passim*.

13. Valls also pointed out that Costa would not actually pay out the represented value of the vouchers. Dkt. 115 at 1, 15; Dkt. 144 at 1. As he discussed, "[t]he fact that class members must use the vouchers with Costa "also triggers the policy concerns that defendants in coupons settlements are not forced to 'disgorge … ill-gotten gains'…." Dkt. 115 at 15. Thus, Valls' advocacy benefitted the class by ensuring that the $4 million reduction will actually reach the the class.

14. Second, Valls objected that the *cy pres* distribution of unexhausted funds was improperly capped at $1 million, and that the *cy pres* provision improperly left the beneficiary to the discretion of Costa, the defendant. Dkt. 115 at 23-24. Valls urged that there should be at least one attempt to deliver all unexhausted funds to the class, and further that the *cy pres* beneficiary should be aligned with the interests of the plaintiffs. *Id*. Although the Court did not declare the *cy pres* provision void, it declined to give Costa unfettered discretion in choice of beneficiaries, and instead ruled that it "will require Court approval of any *cy pres* award." Dkt. 151 at 28. Further, by requiring approval, this Court may still

8

decide to insist that more than $1 million in unexhausted funds be delivered to the class.

15.     Third, Valls argued that the Court should disregard the declaration of Stefan Boedecker attributing a $47-$58 million value to the injunctive relief in the settlement. Dkt. 115 at 16, 22; Dkt. 144 at 4. Valls suggested that this amount was clearly inflated, and that the Court should limit the value to no more than the $5 million described by Judge Thomas Scott. *Id.* This Court agreed and added only $5 million to the common fund. Dkt. 151 at 43. If the Court had included the $47-$58 million estimate, class counsel would have been entitled under the Court's analysis to the full $12 million since it would have fallen well below the 25% which the Court found reasonable. *Id*. Thus, Valls' arguments on the injunctive relief played an additional role in the $4 million reduction in fees and resulting benefit to the class.

16.     Based on Valls' counsels' efforts, the Court considered the settlement and class counsels' fees in a more adversarial context. Further, several of Valls' arguments are evident in the Court's order as Valls' arguments played an important role in the additional $4 million benefit to the class. As such, he requests that the Court find that he is entitled to his reasonable attorneys' fees.

## IV. Valls Proposes a Reasonable Amount of Attorneys' Fees to be 6.25% of Benefit.

17. Valls proposes that the reasonable amount of attorneys' fees here should be $250,000, which he requests as 6.25% of the $4,000,000 benefit. *See In re Easysaver Rewards Litig.*, No. 09-CV-02094-BAS-WVG, 2021 WL 230013, at *3 (S.D. Cal. Jan. 22, 2021) (percentage of the benefit method appropriately "ties Objector's fee award to the benefit he obtained for the class and aligns their interests"). *Domestic Air*, 148 F.R.D. at 358-359 (awarding objectors attorneys $718,030 in attorneys' fees for their "participat[ing] significantly in the process and performed a valuable service for the class, *even though their objections did not prevail*"). Moreover, this percentage-based request will fall below class counsels' own 2.8 lodestar multiplier on cross-check.

18. While Valls intends to file a supplemental motion on the amount of fees as contemplated by Local Rule 7.1(c), he notes that the proposed 6.25% fee is well within the range of reasonable attorneys' fees for objectors. Indeed, Valls' counsel recently received a 7% fee award in another case for benefits provided to a settlement class, with the judge characterizing the fee request as "relatively modest." *In re Optical Disk Drive Prods. Antitrust Litig.*, No. 10-md-02143, Dkt. 3062, 2021 U.S. Dist. LEXIS 171405, at *24 (N. D. Cal. Sept. 9, 2021) (awarding $1.5 million in fees); *see also Easysaver*, 2021 WL 230013, at *3 (awarding objector $805,000 in fees as 25% of benefit); *Eubank v. Pella Corp.*, No. 06-CV-

10

4481, 2019 WL 1227832, at *8 (N.D. Ill. Mar. 15, 2019) ("It is well recognized that objectors who add value to litigation … are entitled to recover a substantial share of overall attorney's fees. Seventh Circuit caselaw has previously placed such recoveries around 20% of the total attorney's fees."); *Kaufman v. American Express Travel Related Servs., Co.*, 2016 WL 806546, at *13-*14 (N.D. Ill. Mar. 2, 2016) (awarding objector fees of 34% of the benefit); *Dewey v. Volkswagen of Am.*, 909 F. Supp. 2d 373, 396 (D.N.J. 2012) ("10% of the benefit conferred [is] well within the range of acceptable . . . recovery"); *Lan v. Ludrof*, No. 1:06-cv-114, 2008 WL 763763, at *28 (W.D. Pa. Mar. 21, 2008) (awarding objector fee of 25% of the benefit).

### V. Objector Fees and any Conditional Incentive Award Should be Funded From Class Counsels' Fee.

19. Valls further requests that in the interests of equity, the attorneys' fees be funded from class counsels' fee award. *See generally Neslin v. Wells,* 104 U.S. 428, 437 (1882) ("equity requires that the loss, which in consequence thereof must fall on one of the two, shall be borne by him by whose fault it was occasioned."). The costs of requesting an initial unreasonable fee should be borne by class counsel and not the class members who had nothing to do with the exaggerated proposal. The class should not have to pay twice for a benefit they should have received at the outset. For this reason, courts have frequently awarded objector fees from class counsels' award rather than the common fund. *See Hendricks v.*

11

*StarKist Co.*, No. 13-cv-00729-HSG, 2016 WL 5462423, at *16 (N.D. Cal. Sept. 29, 2016); *Great Neck*, 212 F.R.D. at 417; *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 817 (N.D. Ohio 2010), *on reconsideration in part* (July 21, 2010); *Parker v. Time Warner Entm't Co., L.P.* 631 F. Supp. 2d 242, 277 (E.D. N.Y. 2009); *Prudential*, 273 F. Supp. at 573 (D.N.J. 2003), *aff'd* 103 Fed. Appx. 695, 697 (3d Cir. 2004); *In re Ikon Office Solutions*, 194 F.R.D. 166, 197 (E.D. Pa. 2000); *Duhaime v. John Hancock Mut. Life Ins. Co.*, 2 F. Supp. 2d 175, 176 (D. Mass. 1998); *In re Horizon/CMS Healthcare Corp. Secs. Litig.*, 3 F. Supp. 2d 1208, 1215 (D.N.M. 1998); *but see Sobol v. Hertz Corp.,* 53 F. Supp. 3d 1319, 1334 (D. Nev. 2014) (awarding fees from class common fund rather than class counsels' fees). Alternatively, Valls requests that fees be funded from the settlement fund.

20. Additionally, Valls requests a conditional incentive award of $2,500 premised on the Eleventh Circuit's vacatur of *Johnson* on rehearing. Valls requests this award for his willingness to oppose the excessive fee request knowing that an objection might be met with *ad hominem* attacks and possible discovery. The benefits of his objection warrant a $2,500 incentive award, which is just 25% of the conditional incentive award sought by class counsel for class representatives.

## **CONCLUSION**

Valls respectfully requests this Court enter an Order granting his entitlement to attorneys' fees and a conditional incentive award as described herein. Valls further requests this Court reserve ruling as to the amount of fees and any conditional incentive award to allow the parties the opportunity to meet and confer with respect to the amount due as contemplated by Local Rule 7.01(c).

Dated:       October 5, 2021            Respectfully submitted,

/s/ Robert W. Clore
Robert W. Clore
Email: rclore@bandaslawfirm.com
Pro Hac Vice
Texas State Bar No. 24012436
Mikell A. West
Pro Hac Vice
Texas State Bar No. 24070832
Email: mwest@bandaslawfirm.com
BANDAS LAW FIRM, P.C.
802 N. Carancahua, Suite 1400
Corpus Christi, Texas 78418
Tel: (361) 698-5200
Fax: (361) 698-5222

Bradley Bodiford
Fla. Bar No. 84897
E-mail: bodiford@terrellhogan.com
Terrell Hogan Yegelwel, P.A.
233 East Bay Street, Suite 800
Jacksonville, FL 32202
Tel: (904) 632-2424
Fax: (904) 632-0549

*Attorneys for Austin Valls*

13

## **LOCAL RULE 3.01(g) CERTIFICATION**

Pursuant to Local Rule 3.01(g), I certify that Mikell West and I conferred with class counsel, counsel for Costa, and counsel for both objectors via e-mail and phone calls over October 1st, 4th, and 5th, 2021 regarding the foregoing motion. Class counsel and counsel for Costa oppose the motion and all relief sought. Counsel for Objector Mitchell Miorelli does not oppose the fee portion of the motion but opposes the incentive award request. Objector John Davis believes the fee motion is premature.

Dated: October 5, 2021

/s/ Robert W. Clore
Robert W. Clore

## **CERTIFICATE OF SERVICE**

The undersigned certifies that he filed the foregoing document on CM/ECF which will send electronic notification to all attorneys registered for electronic filing.

Dated: October 5, 2021

/s/ Robert W. Clore
Robert W. Clore
