UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRENDAN HANEY, GERALD REED, and
TROY SMITH, individually and on behalf
of all others similarly situated,

    Plaintiffs,

v.                                              Case No.: 3:18-cv-1011-J-32JRK

COSTA DEL MAR, INC.,
a Florida corporation,

    Defendant.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
OBJECTORS' MOTIONS FOR ATTORNEYS' FEES**

Plaintiffs hereby respond to the Motions for Attorneys' Fees filed by Objectors Austin Valls (Dkt. 152), Mitchell George Miorelli (Dkt. 153), and John W. Davis (Dkt. 158-159).

## Introduction

Objectors are 3 class members out of a class of approximately 2.1 million consumers. These 3 class members have substantially delayed (and will seek to further delay) relief to *millions* of class members around the country, all in an effort to obtain a payout. Rather than seeking to benefit the class, Objectors seek to benefit only themselves and their counsel. This is plain from their Motions for Attorneys' Fees, in which Objectors now seek upwards of $250,000 in attorneys'

fees *per Objector* for asserting duplicative[1] arguments that the Court already addressed *sua sponte*. Objectors have delivered nothing to the Class except delay of the substantial benefits the class is entitled to receive under the settlement.

The Court has rejected all of Objectors' baseless arguments related to the settlement in this case. They are not entitled to any attorneys' fees.

## Argument

### A. Legal Standard

Courts within the Eleventh Circuit have firmly held that "[a]n objector to a class action settlement is *not* generally entitled to an award of counsel fees." *Faught v. Am. Home Shield Corp.*, 2:07-CV-1928-RDP, 2010 WL 10959224, at *1 (N.D. Ala. May 26, 2010) (emphasis added) (rejecting John Davis' request for attorneys' fees), *aff'd*, 444 Fed. Appx. 445 (11th Cir. 2011) (*citing In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 358 (N.D. Ga. 1993)).

Entitlement to an award of attorneys' fees is dependent upon the Objector's ability to show that they have either: (1) conferred some benefit on the class or (2) substantially improved the settlement under consideration. *Faught v. Am. Home Shield Corp.*, 444 F. App'x 445, 446 (11th Cir. 2011) ("The burden is on the objectors to show one of these criteria has been met.").

---

[1] The Objectors even went so far as to incorporate each other's arguments in their Objections. *See, e.g.*, Dkt. 115 p. 7 n.7 ("In addition to the arguments contained herein, Mr. Valls incorporates by reference the arguments and authorities contained in other filed objections made in opposition…."). The Court acknowledged at the final fairness hearing that the objections "largely mirror each other." (Transcript, Dkt. 146 at 34:22-24).

Objectors who "do not add any new legal argument or expertise" are not entitled to attorneys' fees, even if they bring about "minor procedural changes in the settlement agreement." *Rodriguez v. Disner*, 688 F.3d 645, 658–59 (9th Cir. 2012); *see also Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 288 (7th Cir. 2002) (explaining that "[t]he principles of restitution that authorize" the award of fees to objectors "also require, however, that the objectors produce an improvement in the settlement worth more than the fee they are seeking; otherwise they have rendered no benefit to the class"). Objectors are not entitled to a fee if their work is duplicative, or they merely echo others' arguments and confer no unique benefit to the class. *Rodriguez*, 688 F.3d at 658–59. And Objectors are not entitled to a fee if they simply raise arguments that the Court would have raised (or already raised), *sua sponte*. *See Davis v. Cole Haan, Inc.*, No. 11-cv-01826-JSW, 2015 WL 7015328 (N.D. Cal. Nov. 12, 2015) ("Whether or not Ms. Lee has standing to object to the motion for fees, she raises arguments that the Court would have raised, *sua sponte*, with Plaintiffs regarding the request to reconsider the issue of whether the settlement is a coupon settlement."). Judged by these standards, Objectors are not entitled to attorneys' fees.

**B.      Objectors Did Not Provide Any Benefit to the Class, Let Alone a Substantial Benefit.**

In awarding Class Counsel $8 million in attorneys' fees and expenses, the Court rejected all of Objectors' arguments. The Court ruled that this was not a coupon Settlement (contrary to Objectors' arguments). The Court ruled that the common fund doctrine applied (contrary to Objectors' arguments). The Court

3

ruled that fees were not limited to Class Counsel's unenhanced lodestar (contrary to Objectors' arguments). The Court ruled that fees should be based on a percentage of all the monetary and non-monetary benefits made available to the class (contrary to the Objectors' arguments). And, the Court adopted Class Counsel's requested approach and awarded attorneys' fees based on both the percentage-of-the-benefit method and the lodestar-with-multiplier method. After rejecting all of the Objectors' arguments, the Court—in its discretion—simply held that $8 million in fees was reasonable compensation for Class Counsel under both proposed methods. Not one of the Objectors offered this approach, argued that the Court should award an appropriate amount of fees under either method, or even suggested that Class Counsel was entitled to anything more than their unenhanced lodestar. What Objectors seek to do with their Motions for Fees is take credit for the Court's thorough and rigorous analysis (which ultimately overruled each of the objections offered by the Objectors). Objectors' arguments should be rejected.

Objectors claim they benefited the class by making meaningful and substantial objections. Objector Davis actually claims the Court "sustained" most of his objections. (Dkt. 158 at 2). Nowhere in the 47-page Order does the Court order that an objection was sustained. To the contrary, the Court rejected each and every one of the Objector's arguments in turn.

From the outset, the Objectors had two objectives – to invalidate the settlement altogether, and alternatively to reduce Class Counsels' fee award to the

4

value of the vouchers actually redeemed or to the attorneys' lodestar. (Dkt. 146, Transcript, p. 10-11 (MR. ISAACSON: I am asking you, Your Honor, to find that it is a coupon settlement and to disapprove it on the basis that it's not an adequate recovery for the class….); *id.* at p. 11, lines 11-22 (Mr. Isaacson asking that the attorneys' fee award be reduced to the attorneys' lodestar of around $2 million); *id.* at 27, lines 5-17 (Mr. West asking the Court to enter an attorneys' fee award reflective of the redemption value of the coupons)); *id.* at p. 36, lines 13-15 (Mr. Miorelli stating that the whole settlement "has to be rejected"); *id.* at p. 38, lines 2-5 (Mr. Miorelli arguing "the multiplier on any lodestar fee would be inappropriate"). The Court did neither. None of the Objectors advocated for the findings ultimately made by the Court or for the structure of the attorneys' fee award to Class Counsel.

Coupon Settlement: Objectors primarily argued that the settlement in this case is a coupon settlement under CAFA. Prior to the Objectors' appearance in this case, the Court raised CAFA's coupon provisions *sua sponte* and directed additional briefing from the parties on that issue. (Dkt. 97); (Dkt. 146, Transcript, p. 19, lines 12-23 ("I think I *sua sponte* raised the issue about the coupon. And then I did get supplemental briefing."). The Parties filed a Supplement to their Motion for Preliminary Approval to address CAFA's coupon provisions ("Supplement"; Dkt. 99), and upon review of the Supplement, the Court held: "the Court is satisfied that the settlement is not a coupon settlement, and thus, that it need not adhere to the requirements of 28 U.S.C. § 1712." (Order, Dkt. 102 at 4 n.1). Despite the

5

Court's prior order, Objectors appeared in the case and argued that the settlement was a "coupon" settlement, which the Court rejected, again. In rejecting Objectors' argument, the Court also held that, regardless of whether CAFA applied, the settlement was due to be approved. (Order, Dkt. 151) ("Even so, the Court reviews this settlement with heightened scrutiny and with awareness of CAFA's requirements to ensure fairness to the class.").

In connection with their CAFA arguments, the Objectors also argued that the provision of the Settlement allowing the parties to rescind the settlement in the event the Court determined that CAFA applied was "unethical." But, the Court concluded that CAFA does not apply to the settlement. And, the parties agreed to "strike that provision from the Settlement" in any event. (Response to Objections, Dkt. 134 at 16 n.16). Objectors also argued that more financial information concerning redemption rates and the actual value of the vouchers was needed before approval. The Court rejected that argument too. (Order, Dkt. 151 at 27) ("While more extensive financial information . . . may be useful, it is not required, and the Court is satisfied with the comprehensive estimates that have been provided by Plaintiffs."). There is no benefit conferred on the class by these arguments.

Objectors' arguments relating to CAFA were considered by the Court *sua sponte* and overruled, and they did not "sharpen" issues that the Court already raised and addressed before their appearance. *See Davis v. Cole Haan, Inc.*, No. 11-cv-01826-JSW, 2015 WL 7015328 (N.D. Cal. Nov. 12, 2015) ("Whether or not

6

Ms. Lee has standing to object to the motion for fees, she raises arguments that the Court would have raised, sua sponte, with Plaintiffs regarding the request to reconsider the issue of whether the settlement is a coupon settlement.").

Common Fund: The Objectors also argued that this settlement was not a common fund settlement and that the Supreme Court's decisions in *Dague* and *Perdue* applied and prevented the award of a multiplier. (Response to Objection, Dkt. 134 at 24-25). That argument was meritless for numerous reasons. First, the argument had already been rejected by the Eleventh Circuit on multiple occasions, in at least one case involving some of these same Objectors. *In re Home Depot Inc.*, 931 F.3d 1065, 1084–85 (11th Cir. 2019); *see Muransky v. Godiva Chocolatier, Inc.*, 922 F.3d 1175, 1195 (11th Cir. 2019) ("*Perdue* addresses fee-shifting statutes and says nothing about the award of attorney's fees from a common fund."), *vacated on other grounds*, 979 F.3d 917 (11th Cir. 2020). Objectors' unpersuasive arguments, for which they seek a windfall, have simply been regurgitated from prior failed attempts.

Second, even if CAFA applied, the statute explicitly permits the Court to award a multiplier: "Nothing in this subsection shall be construed to prohibit application of a lodestar *with a multiplier* method of determining attorney's fees." 28 U.S.C. § 1712(b)(2) (emphasis added). This Court appropriately rejected Objectors' argument based on *Perdue* and *Dague*. The irony of Objectors' Motions for Attorneys' Fees is that, despite arguing that this was not a common fund settlement for purposes of Class Counsel's fee, they now take the position that they

7

have created a common fund for purposes of their fees. And, unlike Class Counsel who sought and received a fee award from the common fund, Objectors seek a fee award from Class Counsel's award—*i.e.*, from outside of the common fund.

<u>Collusion</u>: For a variety of reasons, Objectors claimed the settlement was the result of collusion. The Court rejected all of these arguments in turn, stating "the Court is convinced that the settlement is non-collusive and was negotiated at arms-length." (Dkt. 151, p. 28).

<u>Cy Pres Award</u>: Objectors took issue with the *cy pres* award, but the Court did not invalidate or void the *cy pres* as Objectors had hoped. Instead, the Court simply concluded that any *cy pres* would require court approval. (Dkt. 151, p. 28).

<u>Adversarial Proceeding</u>: Objectors claim they are entitled to receive an award of their attorneys' fees because they "brought the benefit of adversarial analysis to the proposed settlement." (Dkt. 158, p. 1-2); (Dkt. 152, p. 2). In other words, the Objectors claim that, although their arguments were rejected, they are entitled to substantial attorneys' fees simply because they showed up to these proceedings. But fees should not be awarded every time an Objector appears and makes a meritless argument. This Court, like every other Court to consider the issue, has decided that Objector fees are the exception, not the rule. Objectors are *not* entitled to recover their fees, unless the Objector can establish that he or she (1) conferred some benefit on the class or (2) substantially improved the settlement under consideration. *Faught*, 444 F. App'x at 446. Objectors here did neither.

Valls cites to *Domestic Air* and claims he is entitled to his fees simply because he transformed the proceedings into "truly adversarial proceedings." (Dkt. 152, p. 6). But in *Domestic Air*, the Court did not conclude that every objector that shows up is entitled to his fees. *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 359 (N.D. Ga. 1993). To the contrary, the court allowed certain objectors to recover fees where those objectors had been significantly and actively engaged in the settlement process for *years*, meeting with Class Counsel in a series of regular meetings to "resolve and clarify" outstanding interpretive issues and aid in drafting the settlement terms. *Id.* at 312, 359 (acknowledging that objectors "participated significantly in the process and performed a valuable service for the class"). The Court in *Domestic Air* actually declined to allow two objectors to recover fees where those objectors filed objections that were "identical to other objections presented." *Id.* Moreover, the Court found that one objector's request for a percentage of the common fund (like Objectors seek here) was "exorbitant," recognizing that counsel for the objectors did not become involved until settlement, was not involved over the course of three years of litigation, and did not shoulder the financial burden of pursuing the action. *Id.* at 359. In other words, *Domestic Air* does not stand for the proposition that Objectors can show up and recover their fees. It is consistent with the weight of authority providing that Objectors may be entitled to a fee award only where they significantly benefit the class. Objectors have not done so here.

Declaration of Stefan Boedeker: Objectors claim that they played a significant role in asking the Court to disregard or discount the declaration of Stefan Boedeker. (Dkt. 152, p. 9); (Dkt. 153, p. 6). But months prior to the Objectors' involvement, Class Counsel had already acknowledged that Mr. Boedeker's opinion seemed excessive and that the injunctive relief could be valued at $5,000,000. (Dkt. 109). Moreover, again prior to Objectors' involvement, the Court had already advised the parties that it believed Boedeker's position was aggressive. (Dkt. 101). Again at the final hearing, Class Counsel advised the Court that Boedeker's estimate is "high." (Dkt. 146, Transcript, p. 55, lines 4-10). Objectors can take no credit for asking the Court to discount Boedeker's opinion; both Class Counsel and the Court had already discussed this issue at length.

Reduction In Class Counsels' Fees To Class: Objector Miorelli suggests that his arguments materially benefitted the class because he argued that any reduction in Class Counsels' fees should inure to the Class. (Dkt. 153, p. 4). This argument has no merit. The Settlement Agreement explicitly says that any reduction in Class Counsel's fees shall inure to the benefit of the class. (Dkt. 146, Transcript, p. 72, lines 7-12). Moreover, this issue was raised by the Court *sua sponte* and discussed at length well before the Objectors were even in the case. The Court did not agree with Objector Miorelli – it simply applied the plain terms of the settlement agreement and requested additional briefing on how the reduction in attorneys' fees should be distributed to the class—*i.e.*, via a cash distribution or increased voucher amounts. Moreover, the parties agreed—as required by the Settlement

10

Agreement—that the excess funds could be distributed either in cash or vouchers. The Objectors had nothing to do with that course of events (except to parrot this Court's *sua sponte* inquires).

## C. The Objectors' Fees – If Any – Should Not Come Out of Class Counsel's Fee.

Even if the Court concludes that Objectors are entitled to a fee (which Plaintiffs dispute), Objectors' contention that any such fee award should be paid out of Class Counsel's fee award is meritless. (Dkt. 153, p. 12; Dkt. 159, p. 23). This position is also directly contrary to the arguments made by Objectors at the final hearing in this matter. (Dkt. 146, Transcript, p. 14, lines 2-7 (THE COURT: … You're saying that money is a common fund and – and objectors' counsel are paid out of that common fund? Is that what you're saying? MR. ISAACSON: Yes. I think so.")).

Objectors do not cite a single case from this Court – or any court in the Eleventh Circuit – in which the court awarded Objectors' fees out of Class Counsels' fee award. That is because courts within this circuit have determined that objector fees (if any are warranted at all) should be paid out of the common fund. *See In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 360 (N.D. Ga. 1993) (awarding objector fees out of the common fund and concluding this constituted "appropriate compensation for their contribution to the class").

The position in the Eleventh Circuit is consistent with the weight of authority nationwide, in which courts generally provide that any fees paid to the Objectors should be paid from the settlement fund itself, not from Class Counsel. *See In re*

11

*Transpacific Passenger Air Transportation Antitrust Litig.*, No. C 07-05634 CRB, 2015 WL 4776946, at *2 (N.D. Cal. Aug. 13, 2015) ("The Court nonetheless rejects Yang's request that her fees be paid from Class Counsel's award, rather than the Settlement Fund."); *Sobel v. Hertz Corp.,* 53 F. Supp. 3d 1319, 1334 (D. Nev. 2014) (finding that objectors are entitled to fees from the common fund and stating that "[c]ourts commonly award objectors fees and expenses from the common fund"); *In re Riverstone*, 256 F. App'x 168, 169 (9th Cir. 2007) (awarding objector fees to be paid from the settlement fund).

There are only a few cases nationwide in which a court has concluded that Class Counsel should pay for Objectors' fees out of Class Counsel's fee. Such cases are rare, and as Objector Davis acknowledges, generally arise only in situations whereby "Class Counsel bear a high degree of responsibility for the infirmities in the Settlement." (Dkt. 158, p. 23). For instance, in *In re Optical Disk Drive Pro. Antitrust Litig.*, No. 10-MD-02143-RS, 2021 WL 4124159, at *3 (N.D. Cal. Sept. 9, 2021), the court found that class counsel claimed too much in fees given the bid under which it secured the right to represent the class in the action. In other words, the firm crossed ethical boundaries in seeking more in fees than it previously agreed to collect. The court acknowledged that "[t]o require the class to bear the cost of correcting that error as a separate expense from the attorney fees it already must pay would be less equitable than simply taking Erwin's relatively modest fees from the substantial amount previously awarded." *Id.* Unlike the *In re Optical Disk Drive* case, this is not a circumstance in which Class Counsel sought or

received more in fees than it had previously represented. Class Counsel should not be penalized here by being required to pay Objectors' counsel out of its fees.

Finally, where permissible, courts allow for entitlement to an objector's attorneys' fees "on the same equitable principles as class counsel." *Sobel*, 53 F. Supp. 3d at 1333. Here, the Objectors all claim entitlement to a percentage of the $4,000,000 increase to class benefits. (Dkt. 152 at 3, requesting 6.25% of the $4 million increase); (Dkt. 153 at 11, requesting 4.75% of the $4 million increase); (Dkt. 158 at 6, requesting 5% of the $4 million increase).[2] Because Objectors seek a percentage of the $4 million fund, it is only equitable for those fees to be paid out of the $4 million fund. In other words, Objectors should not be allowed to base the amount of their fee request on a percentage of the $4 million fund, but then require Class Counsel to pay that amount out of its fee award. Such a request is inequitable, particularly in light of the substantial attorneys' fees incurred by Class Counsel since the Court's fee award – which are caused exclusively by Objectors' substantial motion practice.

### D. Mr. Isaacson Is Not Entitled to Fees.

Objector Davis should be prohibited from seeking fees on behalf of his counsel. Objector Davis filed his objection *pro se* and advised the Court that he had briefed his 25-page objection to class action settlement (Dkt. 112) and his 10-

---

[2] These percentages are completely arbitrary, at best, and represent a complete windfall for Objectors' counsel. *See In re Easysaver Rewards Litig.*, 09-CV-02094-BAS-WVG, 2021 WL 230013, at *3 (S.D. Cal. Jan. 22, 2021) ("There is the usual concern, however, that using the percentage method may lead to a windfall for Objector's counsel.").

page objection to evidence (Dkt. 114) on his own without assistance from counsel. (Dkt. 113, ¶ 5) (stating that Davis was "in the process of retaining Eric Alan Isaacson"). He advised that he "do[es] not intend to seek compensation for my own personal efforts in the instant matter...." (*Id.*). Counsel for Objector Davis, Mr. Isaacson, did not appear in the case until *after* Objector Davis filed his initial objections (Dkt. 127), and he reiterated at the final fairness hearing that Objector Davis wrote the objection. (Dkt. 146, Transcript, p. 4, lines 22-25 ("I did not write the objection. That is correct, Your Honor."")).[3] Mr. Isaacson did not file any substantive papers between the time of Objector Davis's initial briefs and the final fairness hearing in April 2021. And at the final fairness hearing, Mr. Isaacson simply repeated the arguments made by Objector Davis. He made no new arguments. (*See generally* Dkt. 146). In other words, Mr. Isaacson did not contribute whatsoever. He should not be entitled to recover any fees.

### E. Objector Valls' Request for An Incentive Award Should Be Denied.

Without citing a single case, Objector Valls requests a conditional incentive award in the amount of $2,500. (Dkt. 152, p. 12). Not even the other Objectors join him in making this indefensible argument. (Dkt. 152, p. 14); (Dkt. 158, p. 5 ("[Davis] has explicitly disclaimed an incentive award for himself")).

---

[3] Mr. Isaacson now seeks to recover weeks' worth of attorney time he allegedly spent researching and drafting Mr. Davis' objection. Mr. Isaacson's timesheets are attached hereto as **Exhibit 1**. The undersigned requested the timesheets from Valls' and Miorelli's counsel, but was advised that their timesheets would not be produced at this stage of the proceedings.

14

Courts generally do not allow objectors to recover incentive fees. *See, e.g.*, *Rose v. Bank of America Corp.*, No. 5:11-cv-024390-EJD, 2015 WL 2379562, *3 (N.D. Cal. 2015) ("Without a legal or factual argument, the Objectors plainly request an incentive award of $2,000 each 'for stepping out to protect and serve the class.' In the absence of legal authority that would allow for such an award to an objector, coupled with the complete lack of an explanation as to why such an award would be justified, this request is denied." (citation omitted)); *In re Celexa and Lexapro Marketing and Sales Practices Litigation*, MDL No. 09-2067-NMG, 2014 WL 4446464, *10 (D. Mass. 2014) (denying objector's request for a $10,000 incentive award because the objector "invoke[d] no authority for her request for an incentive award"); *In re Classmates.com Consol. Litigation*, No. C09-45RAJ, 2012 WL 3854501, *8–9 (W.D. Wash. 2012) (declining to award an incentive award because "[t]he court is aware of no authority authorizing a 'service award' to an objector" and noting that the "objections did not contribute significantly to obtaining any benefit for the class").

Additionally, Valls cites no cases and provides little explanation in support of his request. He incurred no significant risk in this matter and was not substantively involved in the litigation. *See Parker v. Time Warner Entertainment Co., L.P.*, 631 F. Supp. 2d 242, 279 (E.D.N.Y. 2009) (denying incentive awards to objectors because "[t]here is no indication that the [objectors] themselves were put at risk or inconvenienced in any meaningful way by lending their names to the objections pursued by their counsel"). Instead of benefiting the class, the

15

Objectors did nothing but unnecessarily prolong this litigation. *In re Educational Testing Service Praxis Principles of Learning and Teaching, Grades 7–12 Litig.*, 447 F. Supp. 2d 612, 634, 213 Ed. Law Rep. 493 (E.D. La. 2006) (denying incentive awards to objectors because the "objections added nothing to the litigation and, if anything, only prolonged it").[4]

Unlike the Class Representatives, Objector Valls was not deposed for hours on end. He was not required to produce documents during discovery. He did not work over the course of three years against a vigorous defense in pursuit of complex and unique claims, nor did his counsel shoulder the financial burden of pursuing this action. *See In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. at 359. He did not become involved until after a settlement was achieved by class counsel. His participation was minimal, at best, and certainly not sufficient to warrant an incentive award. *Perez v. Asurion Corp.*, 2007 WL 2591174, *1 (S.D. Fla. 2007) (denying incentive award to objector and recognizing there was no evidence that the objector "spent a considerable amount of time assisting with the prosecution of this case"). Objector Valls' request for an incentive fee should be denied.

---

[4] Objector Valls claims merely that he should receive an incentive award for his "willingness to oppose the excessive fee request knowing that an objection might be met with *ad hominem* attacks and possible discovery." (Dkt. 152, p. 12). But Valls' position is nonsensical. No discovery has been served against Valls, so this presents no basis for a recovery of fees. And there have been no unfair *ad hominem* attacks against Valls.

## **Conclusion**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Objectors' Motions for Attorneys' Fees.

**HOLLAND & KNIGHT LLP**

*/s/ Peter P. Hargitai*
Peter P. Hargitai (FBN 85375)
peter.hargitai@hklaw.com
Joshua H. Roberts (FBN 042029)
joshua.roberts@hklaw.com
Laura B. Renstrom (FBN 108019)
laura.renstrom@hklaw.com
Michael M. Gropper (FBN 105959)
michael.gropper@hklaw.com
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
Telephone: (904) 353-2000
Facsimile: (904) 358-1872

*Attorneys for Plaintiffs and the Class*