UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRENDAN HANEY, GERALD REED, and
TROY SMITH, individually and on behalf
of all others similarly situated,

    Plaintiffs,
v.                                    Case No.: 3:18-cv-1011-J-32JRK

COSTA DEL MAR, INC.,
a Florida corporation,

    Defendant.
_____/

## PLAINTIFFS' RESPONSE IN OPPOSITION TO SHIYANG HUANG'S MOTION FOR LEAVE TO FILE A BRIEF *AMICUS CURIAE*

Shiyang Huang's Motion for Leave to File a Brief *Amicus Curiae* [Doc. 165; Motion for Leave] should be denied for numerous, independent reasons.

***First***, Huang has no cognizable interest in these proceedings. The Motion for Leave admits that he "is *not* a member of this class" and is due nothing under the settlement. (Motion for Leave at 1) (emphasis in original). One of the requirements for an amicus brief is that the party proposing to file the brief have an adequate interest in the proceedings. *See Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 131 (3d Cir. 2002) ("Although the Rule does not say expressly that a motion for leave to file should be denied if the movant does not meet the requirements of (a) an adequate interest, (b) desirability, and (c) relevance, this is implicit."). Huang has no such interest here.

***Second,*** the Motion for Leave constitutes an improper and tardy objection. Huang concedes that his Motion for Leave is a disguised objection to the settlement. (Motion for Leave at 1 n.1) (stating that Huang is "willing to stipulate [sic] an injunction barring him from any payment *for this objection*." (emphasis added)). But, objections to the settlement were due to be filed by March 1, 2021. (Order Doc. 102 ¶ 13). In addition, non-class members, like Huang, have no standing to object to the settlement. (*Id.*) (limiting objections to class members); *see Raines v. State of Fla.*, 987 F. Supp. 1416, 1418 (N.D. Fla. 1997) ("Strictly speaking, only the parties to the settlement of a class action (plaintiffs, class members, and the settling defendants), have standing to object to the fairness of the settlement."); *Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989) ("We hold, therefore, that non-class members have no standing to object, pursuant to a Rule 23(e) notice directed to class members, to a proposed class settlement.").

***Third***, Huang seeks to address a matter that the Parties have thoroughly addressed and which the Court has already decided. Huang argues that incentive awards are currently prohibited in the Eleventh Circuit and that the $30,000 reserved for potential incentive fees—in the event the full Eleventh Circuit vacates the panel decision in *Johnson*—should be distributed to the class at this juncture. (Motion for Leave at 3-5). This issue has been comprehensively briefed by the Parties and the Objectors. *See* (Joint Notice, Doc. 104) (acknowledging the effect of *Johnson* on the request for incentive awards); (Unopposed Motion for Attorneys' Fees, Doc. 109 at 1 n.1) (setting forth conditional nature of the request

2

#152737491_v1

for incentive awards); *see also* (Miorelli Objection, Doc. 117 at 61); (Davis Objection, Doc. 112 at 21). The Court heard argument on this issue at the Final Approval Hearing. (Transcript, Doc. 146 at 77:8-17). And, the Court ruled that, because a petition for *en banc* review remains pending in *Johnson*, the Court would "retain jurisdiction to allow Class Counsel to renew the request for a service award in the event that *Johnson* is reversed." (Order, Doc. 151 at 45-46). The Court's decision is appropriate, amply supported by precedent, and makes sense under these circumstances.[1] There is no need for a belated amicus brief, from a non-class member, on this issue.

***Finally***, Huang's Motion for Leave fails to comply with the rules. Under the Middle District of Florida Local Rules, Huang was required to confer with the Parties about the relief sought in his Motion for Leave and include an appropriate certification in the motion. M.D. Fla. R. 3.01(g). He failed to do so, and the Motion for Leave is appropriately denied on that basis too. *Parker v. Parker*, 829 F. App'x 389, 392 (11th Cir. 2020) ("We also see no abuse of discretion in the denial of Lori's motion to compel for failure to comply with Local Rule 3.01(g).").

For the foregoing reasons, Huang's Motion for Leave should be denied.

---

[1] If the $30,000 was ordered to be distributed to class members at this juncture, the named class representatives would be stripped of any rights to service awards, in the event *Johnson* is reversed by the full Eleventh Circuit, and each class member would receive approximately 1.4 additional cents in cash or increased voucher amounts. *See* (Joint Brief, Doc. 157) (proposing two alternative methods for distributing the remaining $4 million in settlement funds).

3

#152737491_v1

Respectfully submitted this 22nd day of November, 2021.

**HOLLAND & KNIGHT LLP**

<u>/s/ Peter P. Hargitai</u>
Peter P. Hargitai (FBN 85375)
peter.hargitai@hklaw.com
Joshua H. Roberts (FBN 042029)
joshua.roberts@hklaw.com
Laura B. Renstrom (FBN 108019)
laura.renstrom@hklaw.com
Michael M. Gropper (FBN 105959)
michael.gropper@hklaw.com
50 North Laura Street, Suite 3900
Jacksonville, Florida 32202
Telephone: (904) 353-2000
Facsimile: (904) 358-1872

*Attorneys for Plaintiffs and the Class*