**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| *Smith, et al.* | No. 3:18-cv-1011 |
| *v.* | |
| *Costa Del Mar, Inc.* | Honorable Judge Corrigan |

**SHIYANG HUANG'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE A BRIEF *AMICUS CURIAE* IN SUPPORT OF DISTRIBUTING PROPOSE CLASS REPRESENTATIVES' $30,000 "INCENTIVE AWARDS" ALONG WITH THIS COURT"S ORDER REGARDING DISTRIBUTION OF $4 MILLION FROM REDUCTIONS OF ATTORNEY'S FEE**

i

### REPLY BRIEF IN SUPPORT OF HUANG'S MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE IN SUPPORT OF ADDITIONAL $30,000 TO CLASS MEMBERS

Plaintiffs complain that Huang should not be granted leave to argue that class members (one that does **not** include Huang) should have their $30,000 back under *Johnson v. NPAS Sols.,* 975 F.3d 1244 (11th Cir. 2020). Each of their reason is wrong on both the facts and the law.

Huang's motion should be granted, so that class members get $30,000 back to them, without having Named Plaintiffs holding hostage of $30,000 "bounty", which *Johnson* expressly *prohibited,* so as to protect absentee class members in a common-fund class-action settlement.

***First***, Plaintiffs claim Huang lacks "interest" in this litigation. But they oversold now-Justice Alito's opinion as some categorical rejection to accept *amici* based on whether a judgment binds them by any effect. Plaintiffs are reminded that an *amici*—**by definition**—lacks standing and is not *bound* by the court's merits judgment. But that cannot mean that *amici* cannot participate for lack of standing, or because Plaintiffs complain that *amici* are "disinterested".

> Today, as noted, Rule 29 requires that an amicus have an "interest" in the case, *see* Fed. R.App. Proc. 29(b)(1) and (c)(3), and the appellants' argument that an amicus must be "impartial" is difficult to square with this requirement. An accepted definition of the term "impartial" is "disinterested," Black's Law Dictionary 752 (6th ed.1990), and it is not easy to envisage an amicus who is "disinterested" but still has an "interest" in the case.

*Neonatology Associates, PA v. CIR*, 293 F. 3d 128, 131 (3d Cir. 2002) (Alito, J.)

> Rather, a true friend of the court will seek to add value to our evaluation of the issues presented on appeal. To be sure, the fiction that an *amicus* acts as a neutral information broker, and not an advocate, is long gone. See Samuel Krislov, *The Amicus Curiae Brief: From Friendship to Advocacy,* 72 Yale L.J. 694, 703-04 (1963). But even a friend of the court interested in a particular outcome can contribute in clear and distinct ways, by, for example:
> • Offering a different analytical approach to the legal issues before the court;
> • Highlighting factual, historical, or legal nuance glossed over by the parties;
> • Explaining the broader regulatory or commercial context in which a question comes to the court;
> • Providing practical perspectives on the consequences of potential outcomes;
> • Relaying views on legal questions by employing the tools of social science;

1

- Supplying empirical data informing one or another question implicated by an appeal;
- Conveying instruction on highly technical, scientific, or specialized subjects beyond the ken of most generalist federal judges;
- Identifying how other jurisdictions—cities, states, or even foreign countries—have approached one or another aspect of a legal question or regulatory challenge. The point, of course, is that an *amicus curiae* brief should be additive—it should strive to offer something different, new, and important. […] And a good *amicus* brief does not have to be long. Indeed, shorter is often better, and I offer that perspective knowing that it is more difficult to write a short, effective brief than a long, belabored brief.

*Prairie Rivers Network v. Dynegy Midwest Gen., LLC*, 976 F.3d 761, 763 (7th Cir. 2020) (Scudder, J., in chambers). (And Huang—indeed—wrote a short brief, if not anything else.)

*Second*, Huang disclosed—and clarifies again—that he **is not a class member.** Huang accurately moved for leave to file *amicus curiae,* not for filing a belated objection. Plaintiffs' inexplicable stretch of Huang's tiny typographical error (**ignoring that Huang sought leave as a proposed *amici* throughout his entire Motion**) into some false argument that Huang filed "an improper and tardy objection" (Opp. 2) is patently without merit. Perhaps Plaintiffs cannot defend themselves on the merits, such that they need to find distractions from Huang's briefs.

*Lastly,* Plaintiffs complain that they should have been "consulted", citing some case law denying "**motion to compel**", *i.e.,* with nothing to do with Huang's motion for leave to file brief *amicus curiae*. It is starling that Plaintiffs themselves once told this Court that "**If the *Johnson* decision remains in effect at the time of the Final Approval Hearing, Plaintiffs [would] withdraw their request for Incentive Awards[.]**" ECF No. 109 at 2 n.1 (emphasis added). If Plaintiffs did what they promised, why would Huang appear at all? But Plaintiffs failed to "withdraw their request for Incentive Awards" when *Johnson v. NPAS Solutions **did*** "remain[] in effect" by Final Approval Hearing. Then, instead of honoring their own promises, Plaintiffs complain about *amicus curiae* asking Plaintiffs to keep their word? That is too much.

All in all, Plaintiffs (and their Counsel) still want to take away class members' $30,000 by nullifying *Johnson v. NPAS* and its force under *stare decisis*. If Plaintiffs can prevail in "reserving jurisdiction" until some circuit-binding published precedent is overruled or vacated, then *when* can a court *ever* apply precedents that bind them? Must this court still "reserve jurisdiction" if *Johnson v. NPAS* is denied for rehearing en banc, just in case if the U.S. Supreme Court might later reverse or vacate such rulings? Surely it cannot be, or else it will cause massive chaos. *See Porter v. Warner Holdings Co.,* 328 U.S. 395, 398 (1946) ("Such a jurisdiction is an equitable one. Unless otherwise provided by statute, all the inherent equitable powers of the District Court are available for the proper and complete exercise of that jurisdiction.")

Plaintiffs' remainder arguments—and their inability to overcome Huang's argument (Motion at 3) on the merits—leads to the only conclusion that the Eleventh Circuit's binding precedents are, indeed, binding ***until vacated, reversed or abrogated***. Class members should get their $30,000 back to their pockets, even if Plaintiffs might hope to keep the "bounty" by claiming insignificance of absentees' injury that they caused. *Czyzewski v. Jevic Holding Corp.*, 137 S. Ct. 973, 983 (2017) ("a loss of even a small amount of money is ordinarily an "injury."")

## CONCLUSION

Huang's motion for leave to appear as *amicus curiae* should be granted.

Under Eleventh Circuit precedent, *Johnson v. NPAS Solutions* binds the circuit until the day it is vacated or reversed; because Plaintiffs failed to "**withdraw their request for Incentive Awards**" as promised, their request $30,000 in incentive awards must be denied under *Johnson*.

Given this Court's imminent order directing how to distribute $4 million cash to class members, it will be most administratively feasible way to distribute the $30,000 under *Johnson* by adding it to the $4 million (totaling $4.03 million) already queued for class distribution.

Date: November 22, 2021    Respectfully Submitted,

/s/Shiyang Huang
Shiyang Huang
2800 SW Engler Ct.,
Topeka, KS 66614
(314) 669-1858
defectivesettlement@gmail.com

**CERTIFICATE OF SERVICE**

I certify that on or before November 22, 2021, a true and correct copy of the foregoing was filed with this Court. CM/ECF will then notify all counsels of record electronically.

/s/ Shiyang Huang

4