**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TROY SMITH, individually and on
behalf of all others similarly situated,
BRENDAN C. HANEY, individually
and on behalf of all others similarly
situated, and GERALD E. REED IV,
individually and on behalf of all others
similarly situated,

      Plaintiffs,

v.                                                          Case No. 3:18-cv-01011-TJC-JRK

COSTA DEL MAR, INC., a Florida
Company,

      Defendant.

---

**VALLS' MOTION FOR LEAVE TO FILE A REPLY IN**
**SUPPORT OF MOTION FOR ATTORNEYS' FEES AND**
**A CONDITIONAL OBJECTOR INCENTIVE AWARD**

Valls respectfully moves for leave to file a 5-page Reply Brief in support of his

motion for attorney's fees (Doc. 152) pursuant to Local Rule 3.01(d). The

undersigned respectfully submits that class counsels' opposition (Doc. 167)

misrepresents significant facts and potentially misleads the Court on the applicable

law. A five-page reply would aid the Court in deciding the issues. Valls requests leave

of court to address these misrepresentations, including, but not limited to:

  a.   Class counsels' claim that "[t]he Court rejected all of Objectors' arguments"

and they are therefore not entitled to fees (Doc. 167 at 2) when several of Valls'

arguments were adopted by the Court. Doc. 152 at 6-9.

b.   Class counsels' false statement that "Objectors delivered nothing to the Class" (Doc. 167 at 2) when Valls' arguments contributed to the Court's decision to "increase the value of the settlement to the class by $4 million" along with the Court's recognition that $4 million in vouchers will not accomplish that end since "Costa will only pay a portion of" it given redemption rates, and Valls providing an objective basis for the same. Doc. 151 at 45; Dkt. 152 at 7-8.

c.   Class counsels' representation that Valls just "showed up" and did not create an adversarial context even though the Court initially dismissed CAFA's applicability after one-sided briefing from class counsel, but subsequently acknowledged it was "a close call" after considering the objections. Doc. 151 at 26.

d.   Class counsels' false assertion that the objections were merely "duplicative" (Doc. 167 at 2) and that overlapping argument somehow diminishes an objector's entitlement to fees even though Valls' comprehensive arguments conveyed a $4 million benefit, he was the first among others to suggest fees were significantly exaggerated (which class counsel only acknowledged after the objection), and Valls was the only litigant to respond to class counsels' supplement. Docs. 143, 144.

e.   Class counsels' erroneous statement that Objectors claim to "have created a common fund" (Doc. 167 at 8) when Valls petitioned for fees as a percentage of the $4 million benefit conveyed by his objection. Doc. 152 at 10.

f.   Class counsels' revisionist claim that despite Valls' advocacy against Boedecker's valuation of injunctive relief, Valls provided no benefit because they had

2

already discounted his testimony, even though they specifically relied on his testimony in support of their fee motion until *after* Valls' objection. Doc. 109 at 10.

g.   Class counsels' statement that there are "only a few cases" where a court has taken objector fees out of class counsels' fee (Doc. 167 at 12) when Valls cited a non-exhaustive list of seven cases (Doc. 152 at 12) and many other courts have done so.

h.   Class counsels' false assertion that courts do not allow "objectors to recover incentive" awards without providing citation to any countervailing authority in which numerous courts have, in fact, provided for such awards.

## MEMORANDUM OF LAW

District courts have "unquestionable" authority to control their own docket. *Canada v. Mathews*, 449 F.2d 253, 255 (5th Cir. 1971). That authority includes "broad discretion in deciding how best to manage the cases before them." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). Valls submits that permitting him to file a 5-page Reply Brief will assist the Court in deciding the issues.

## CONCLUSION

Valls respectfully requests leave to file a 5-page Reply Brief in support of his pending Motion for Attorneys' Fees and Conditional Incentive Award, and an Order granting further relief that the Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

I certify that I conferred by email on November 24th regarding the foregoing motion. Class Counsel do not consent; Objectors' counsel are unopposed; and Costa's counsel had not responded as of the filing of this motion.

3

Respectfully submitted this 29th day of November, 2021.

/s/ Robert W. Clore
Robert W. Clore
Email: rclore@bandaslawfirm.com
Texas State Bar No. 24012436
Mikell A. West
Texas State Bar No. 24070832
Email: mwest@bandaslawfirm.com
BANDAS LAW FIRM, P.C.
802 N. Carancahua, Suite 1400
Corpus Christi, Texas 78418
Tel: (361) 698-5200
*Pro hac vice*

Bradley Bodiford
Fla. Bar No. 84897
E-mail:  bodiford@terrellhogan.com
Terrell Hogan Yegelwel, P.A.
233 East Bay Street, Suite 800
Jacksonville, FL 32202
Tel: (904) 632-2424
Fax: (904) 632-0549
*Attorneys for Austin Valls*

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 29, 2021, he filed the foregoing document on CM/ECF which will send electronic notification to all attorneys registered for electronic filing.

/s/ Robert W. Clore
Robert W. Clore

4