## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

TROY SMITH, individually and on
behalf of all others similarly situated,
BRENDAN C. HANEY, individually
and on behalf of all others similarly
situated, and GERALD E. REED IV,
individually and on behalf of all others
similarly situated,

      Plaintiffs,

v.                                                                    Case No. 3:18-cv-01011-TJC-JRK

COSTA DEL MAR, INC., a Florida
Company,

      Defendant.

### VALLS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES AND A CONDITIONAL OBJECTOR INCENTIVE AWARD

Objector Austin A. Valls submits this reply in accordance with the Court's

December 6, 2021 order granting leave to file the same. Doc. 174.

**I. Valls transformed the settlement approval process into an adversarial one and his arguments contributed to the $4 million class benefit.**

Class counsel concede, as they must, that the law entitles objectors to their

attorneys' fees when they: (1) transform the proceedings into a truly adversarial

process or (2) bestow a material benefit to the settlement class. *See In re Domestic Air

Transp. Antitrust Litig.*, 148 F.R.D. 297, 358 (N.D. Ga. Mar. 22, 1993) (providing for

fees if the "presence of an objector represented by competent counsel transformed the

settlement into truly adversarial proceedings"); *In re Southwest Airlines Voucher Litig.*,

898 F.3d 740 (7th Cir. 2018) (reversing denial of fees to objector who conferred benefit on the class). Valls did both.

Before Valls objected, the court heard nothing but assurances from class counsel that their $12 million fee was authorized under Eleventh Circuit authority. There was no adversarial context because class counsel negotiated for Costa's non-opposition to their fees as part of the settlement. When this Court called for briefing ahead of preliminary approval on whether this is a coupon settlement under CAFA, it thus received no counter to class counsels' undisputed and self-serving assertion the vouchers for more Costa products are not coupons.

Only after Valls submitted his twenty-four-page objection replete with relevant authority (Doc. 115), his thirteen-page response to class counsels' supplement after class counsel modified their fee request in light of the objections (Doc. 144), and presented argument at the fairness hearing did this Court reduce fees by $4 million and insist that, given that not all class members will redeem the vouchers, the excess must *actually* reach the class. Further, only *after* considering the objections, did the Court acknowledge that CAFA's application is "a close call." Doc. 151 at 26. Thus, class counsels' suggestion that Valls just "showed up" and did not create an adversarial context is refuted by the record (and their own subsequent actions). Indeed, the court recognized the adversarial benefit at the fairness hearing. *See e.g.,* Doc. 146 at 19, 22.

Class counsel are simply mistaken that "[t]he Court rejected all of Objectors' arguments" and they are therefore not entitled to fees. Doc. 167 at 2. In fact, several

2

of Valls' arguments were adopted by the Court. *See* Doc. 152 at 6-9 (listing arguments).[1]

Although the Court did not adopt Valls' argument to apply CAFA, its insistence that the $4 million reduction must have a concomitant $4 million class benefit follows Valls' concerns argued throughout his briefing that (1) the vouchers do not necessarily disgorge the defendant of ill-gotten gains, and (2) not all class members will redeem the vouchers or receive any benefit. Doc. 115 at 1, 4, 15; Doc. 144 at 1, 3-4; Doc. 146 at 26; Doc. 151 at 45 (court stating that it intends to "increase the value of the settlement to the class by $4 million" while recognizing that vouchers will not accomplish that end since "Costa will only pay a portion of the $4 million because not all class members will redeem their vouchers").[2]

Valls also succeeded in his argument that the Court should not indulge class counsels' expert Stefan Boedecker's testimony attributing a $47-$58 million value to the injunctive relief in the settlement. Doc. 115 at 16, 22; Doc. 144 at 4. Valls suggested that this amount was clearly inflated, and that the Court should limit the value to no more than the $5 million described by Judge Thomas Scott. *Id.* The

---

[1] Regardless, objectors who transform the settlement into a truly adversarial proceeding are entitled to fees attorneys' fees even when their objections are "ultimately overruled[.]" *Domestic Air*, 148 F.R.D. at 358.

[2] Valls argument was that "[w]hatever the actual redemption rates, they are certain to be less than 10%." Doc. 115 at 4; Doc. 144 at 3-4. Valls substantiated that argument with an article, which class counsel were unable to refute, noting that redemption rates for consumer class actions generally fall within the range of "the annual corporate issued promotional coupon redemption rates of 1-3%." *Id.* (citing James Tharin & Brian Blockovich, Coupons and the Class Action Fairness Act, 18 Geo. J. Legal Ethics 1443, 1445, 1448 (2005)).

Court agreed and added only $5 million to the common fund. Doc. 151 at 43. If the Court had included the $47-$58 million estimate, class counsel would have been entitled under the court's analysis to the full $12 million since it would have fallen well below the 25% that the Court found reasonable. *Id.*

Class counsel apply revisionist history in claiming that despite Valls' advocacy against Boedecker's valuation of injunctive relief, Valls provided no benefit because they had already discounted it. Doc. 167 at 10. To the contrary, they specifically relied on his testimony in support of their fee motion until *after* Valls' objection demonstrated the injunctive relief is worth no more than $5 million. Doc. 109 at 10. Valls also contributed to this Court's decision not to give Costa unfettered discretion in choice of beneficiaries, instead ruling that it "will require Court approval of any cy pres award." Doc. 151 at 28; Doc. 115 at 23-24.

Valls' comprehensive arguments conveyed a $4 million benefit: he was the first among others to suggest fees were significantly exaggerated (which class counsel only acknowledged after the objection) and Valls was the only litigant to respond to class counsels' supplement. Docs. 143, 144.[3]

## II. Valls seeks fees as a percentage of the benefit conveyed by his objection and for his fees to be funded from class counsels' fees, all of which is supported by considerable authority.

Class counsel misapprehend Valls' motion. He does not claim to "have created a common fund[.]" Doc. 167 at 8. Valls petitioned for fees as a percentage of

---

[3] Valls arguments were thus not merely duplicative. Doc. 167 at 2. To the extent other objectors made overlapping arguments, class counsel fail to explain how that diminishes Valls' contributions or entitlement to fees.

the $4 million benefit conveyed by his objection. Doc. 152 at 10. Class counsel are mistaken that there are "only a few cases" where a court has taken objector fees out of class counsels' fee. Doc. 167 at 12. Courts across the nation have done so under similar circumstances when class counsel make an overreaching fee request like here. *See* Doc. 152 at 12 (listing seven examples). In response to Valls' conditional incentive award request, class counsel also potentially mislead the court in claiming that courts do not allow "objectors to recover incentive" awards without providing citation to any countervailing authority in which numerous courts have, in fact, provided for such awards. *See e.g., In re Easysaver Rewards Litig.*, No. 09-CV-02094-BAS-WVG, 2021 WL 230013, at *3-4 (S.D. Cal. Jan. 22, 2021); *In re Apple Inc. Sec. Litig.*, No. 5:06-CV-05208-JF HRL, 2011 WL 1877988, at *5 (N.D. Cal. May 17, 2011); *Lonardo v. Travelers Indem. Co*., 706 F. Supp. 2d 766, 817 (N.D. Ohio 2010), *on reconsideration in part* (July 21, 2010).

## CONCLUSION

Valls finds nothing in class counsels' reply diminishing his entitlement to attorneys' fees in any respect and thus renews his request as stated therein with even greater confidence.

Respectfully submitted this 10th day of December, 2021.

/s/ Robert W. Clore
Robert W. Clore
Email: rclore@bandaslawfirm.com
Texas State Bar No. 24012436
Mikell A. West
Texas State Bar No. 24070832
Email: mwest@bandaslawfirm.com
BANDAS LAW FIRM, P.C.
802 N. Carancahua, Suite 1400
Corpus Christi, Texas 78418
Tel: (361) 698-5200
*Pro hac vice*

Bradley Bodiford
Fla. Bar No. 84897
E-mail:  bodiford@terrellhogan.com
Terrell Hogan Yegelwel, P.A.
233 East Bay Street, Suite 800
Jacksonville, FL 32202
Tel: (904) 632-2424
Fax: (904) 632-0549
*Attorneys for Austin Valls*

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 10, 2021, he filed the foregoing document on CM/ECF which will send electronic notification to all attorneys registered for electronic filing.

/s/ Robert W. Clore
Robert W. Clore