# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

TROY SMITH, individually and on behalf of all others similarly situated, BRENDAN C. HANEY, individually and on behalf of all others similarly situated, and GERALD E. REED, IV, individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

Case No. 3:18-cv-1011-TJC-LLL

COSTA DEL MAR, INC., a Florida corporation,

    Defendant.

## **O R D E R**

This case comes before the Court for a determination of whether three objector-appellants must post a bond for pursuing their appeals. Class Action Plaintiffs raised this issue in their Time-Sensitive Motion for Appeal Bond (Doc. 190), to which Objectors Austin Valls, John Davis, and Mitchell Miorelli responded (Docs. 198, 199). The Court held a hearing on May 2, 2022, the record of which is incorporated by reference. (Doc. 210). At the hearing, the parties agreed to further confer with one another in an effort to resolve the motion outside of court. Id. at 24:12–25:7. Since then, though, Plaintiffs reported that

the parties were unable to reach an agreement and requested a ruling on their motion. (Doc. 213).

Plaintiffs have moved for an appeal bond totaling $565,404.81 under Federal Rules of Appellate Procedure 7 and 8, and "the Court's inherent powers." (Doc. 190 at 1, 15, 21). Specifically, Plaintiffs seek a $5,000.00 bond under Rule 7 for their "direct costs and expenses on appeal" (Id. at 11–12); a $360,404.81 bond under Rule 8 that would cover the interest that would accrue over two years "to compensate [the class] for the delay if Objectors are unsuccessful on their appeals" (Id. at 14); and a $200,000.00 bond under the Court's "inherent power" to cover Plaintiffs' "attorneys' fees on appeal" (Id. at 20–21). The Objectors oppose a bond. (Docs. 198, 199).

After careful consideration of the parties' briefing, their arguments during the hearing, the case law cited by the parties, the Court's research, and the unique facts of this case, the Court finds that no appeal bond is warranted here.[1] However, the Court again urges the parties to expedite their appeals, so the distribution of the Class's settlement funds is not needlessly delayed in the event the Objectors are unsuccessful.

---

[1] The Court's decision, which is fully considered but briefly stated, is not intended to set precedent for future cases. Also, this Order does not address any rights the successful party on appeal may have at the conclusion of the appeal.

2

Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Time-Sensitive Motion for Appeal Bond (Doc. 190) is **DENIED**.

2. The case remains closed.

**DONE AND ORDERED** in Jacksonville, Florida the 26th day of May, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

ksm
Copies:

Counsel of record