UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TROY SMITH, etc.,

    Plaintiff,

v.                                        Case No. 3:18-cv-1011-TJC-LLL

COSTA DEL MAR, INC., etc.,

    Defendant.

## O R D E R

In an opinion reversing the Court's order approving a class-action settlement in this breach of warranty case, the Eleventh Circuit directed the Court to re-examine its subject matter jurisdiction. See Smith v. Miorelli, 93 F.4th 1206, 1213 n.8 (11th Cir. 2024). Having done so, the Court is faced with the unenviable task of advising the parties that, notwithstanding the nearly seven years of litigation that have transpired since this case was filed, it is due to be dismissed for lack of subject matter jurisdiction.

Plaintiff, seeking relief solely under the Magnuson-Moss Warranty Act ("MMWA"), and citing the Class Action Fairness Act ("CAFA") as the only basis for jurisdiction, sought to represent a class whose members alleged that defendant failed to live up to the warranties that came with the purchase of Costa sunglasses. Following a global settlement that included parties from

two related cases,[1] the Court held a fairness hearing and approved the proposed settlement, with some minor changes. Objectors appealed and the Eleventh Circuit reversed, finding the plaintiffs did not have standing to seek the injunctive relief included in the settlement.

In vacating and remanding the case for further consideration, the Eleventh Circuit instructed the Court to consider "other jurisdictional issues" raised by the parties, including whether it had subject matter jurisdiction in light of recent authority from the Third and Ninth Circuits holding that CAFA "does not provide an alternative basis for a federal court to exercise subject matter jurisdiction" when the jurisdictional requirements of the MMWA are not met. Id. (citing Rowland v. Bissell Homecare, Inc., 73 F.4th 177 (3d Cir. 2023); Floyd v. Am. Honda Motor Co., 966 F.3d 1027 (9th Cir. 2020)). The Court discussed the issue with the parties at a status hearing and they filed briefs in support of their respective positions. See Docs. 225, 227, 228.

The MMWA's private civil action provision—15 U.S.C. § 2310(d)—includes two alternatives for consumers bringing suits for damages and other legal and equitable relief. Under subsection (1)(A), a consumer may bring suit "in any court of competent jurisdiction in any State or the District of Columbia;" or, under subsection (1)(B), a consumer may bring suit "in an appropriate

---

[1] Those cases are no longer joined in this action.

district court of the United States, subject to paragraph (3) of this subsection." See 15 U.S.C. § 2310(d)(1)(A) and (B).  Paragraph 3, in turn, provides that "[n]o claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection . . . if the amount in controversy of any individual claim is less than the sum or value of $25"; "if the amount in controversy is less than the sum or value of $50,000 . . . computed on the basis of all claims to be determined in this suit"; or "if the action is brought as a class action, and the number of named plaintiffs is less than one hundred." 15 U.S.C. § 2310(d)(3).

This case, brought as a class action, had one named plaintiff when filed, so could not have been brought under subsection (1)(B).  That would leave two possibilities.  Either a federal court is deemed to be "any court of competent jurisdiction in any State" under subsection (1)(A); or CAFA—which permits a class action where the amount in controversy exceeds $5,000,000 and any member of the plaintiff class is diverse from any defendant[2]—"effectively supersedes" the MMWA's jurisdictional requirements. Kuns v. Ford Motor Co., 543 F. App'x 572, 574-75 (6th Cir. 2013).

Although plaintiff devoted much of its briefing to the first possibility (that a case could be brought in federal court under subsection (1)(A)), the Eleventh Circuit, in this very case, stated the following:

---

[2] 28 U.S.C. § 1332(d)(2).

3

> The MMWA vests federal district courts with subject matter jurisdiction to hear claims brought under the Act. 15 U.S.C. § 2310(d)(1)(B). However, Congress imposed limits on this jurisdictional grant, including limitations on the maintenance of class actions. Id. § 2310(d)(3). <u>Specifically, a class action brought under the MMWA is not cognizable in federal court if "the number of named plaintiffs is less than one hundred."</u> Id. § 2310(d)(3)(C). Smith, however, was the lone named plaintiff in his class action lawsuit and could not rely on the federal question jurisdiction provided by the MMWA. His initial complaint invoked the federal court's diversity jurisdiction under 28 U.S.C. § 1332(d)(2).

Smith, 93 F.4th at 1209 n.1 (emphasis supplied). In light of this statement from the Eleventh Circuit, and for all the many reasons stated by the other courts referenced below, the Court rejects the possibility that subsection (1)(A) would provide a basis for the Court to exercise subject matter jurisdiction here.

But the Smith opinion does not itself consider the other possibility—that CAFA provides an independent basis for jurisdiction—leaving it instead to this Court to address in the first instance. In doing so, the Eleventh Circuit noted the two recent published decisions from the Third and Ninth Circuits which addressed the interplay between the MMWA and CAFA and determined that a case brought under the MMWA must satisfy its jurisdictional requirements without respect to CAFA. See Rowland, 73 F.4th 177; Floyd, 966 F.3d 1027.

In addition to the guidance of those two opinions, the Court has considered the numerous district court decisions from within this circuit which have uniformly determined that CAFA does not provide an independent basis

4

for jurisdiction for an MMWA claim.[3]  See, e.g., Sowa v. Mercedes-Benz Group AG, 764 F. Supp. 3d 1233, 1276-78 (N.D. Ga. 2024); Bolling v. Mercedes-Benz USA, LLC, No. 1:23-cv-671-TWT, 2024 WL 3972987, at *13 (N.D. Ga. Aug. 27, 2024); Nuwer v. FCA US LLC, 343 F.R.D. 638, 648-49 (S.D. Fla. 2023); Riley v. General Motors, LLC, 664 F. Supp. 3d 1336, 1343-44 (M.D. Fla. 2023); Inouye v. Adidas Am., Inc., No. 8:22-cv-416-VMC-TGW, 2023 WL 2351654, at *8-9 (M.D. Fla. Mar. 3, 2023); Monopoli v. Mercedes-Benz USA, LLC, No. 1:21-cv-1353-SDG, 2022 WL 409484, at *5-6 (N.D. Ga. Feb. 10, 2022); Jackson v. Anheuser-Busch InBev SA/NV, LLC, No. 20-CV-23392, 2021 WL 366312, at *18-19 (S.D. Fla. Aug. 18, 2021); Lewis, 530 F. Supp. 3d at 1206-07.[4]  While recognizing that some courts take a different view,[5] the undersigned agrees with the analysis of those courts that have determined that CAFA does not provide an independent basis for subject matter jurisdiction in a case, such as

---

[3] Many of these decisions also considered—and rejected—the argument that a federal court could exercise subject matter jurisdiction under subsection (1)(A) of the MMWA.  See, e.g., Rowland, 73 F.4th at 180-82; Lewis v. Mercedes-Benz USA, LLC, 530 F. Supp. 3d 1183, 1206-07 (S.D. Fla. 2021).

[4] See also Defendant's Supplemental Brief on Federal Subject Matter Jurisdiction (Doc. 228) at 14-17 (citing cases from district courts around the country which likewise hold that CAFA cannot supplant the MMWA's jurisdictional grants).

[5] See, e.g., Kuns, 543 F.App'x at 574-75; O'Connor v. Ford Motor Corp., No. 19-cv-5045, 2025 WL 792725 (N.D. Ill. Mar. 12, 2025); In re Generac Solar Power Sys. Mktg., 735 F. Supp. 3d 1036 (E.D. Wis. 2024); Velez v. RM Acquisition, LLC, 670 F. Supp. 3d 620, 631-32 (N.D. Ill. 2023) (collecting cases).

5

this, which arises only under the MMWA.   Having nothing germane to add that has not already been said, I specifically adopt the opinions in Rowland, 73 F.4th at 180-82, and Lewis, 530 F. Supp. 3d at 1206-07.

Because there are fewer than 100 named plaintiffs, plaintiff fails to meet the federal court jurisdictional requirements of subsection (1)(B) of the MMWA. CAFA does not provide an independent jurisdictional basis.   Therefore, the Court does not have subject matter jurisdiction.

Accordingly, it is hereby

**ORDERED**:

This case is dismissed without prejudice for lack of subject matter jurisdiction.[6]   The Clerk shall close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 17th day of June, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:
Counsel of record

---

[6] At the July 24, 2024 status hearing, plaintiff stated he intended to refile this suit in state court if the Court determined it did not have subject matter jurisdiction.   He further stated that if defendant raised the statute of limitations as a defense, he would argue for equitable tolling.   The Court takes no position on that issue, except to suggest that its own regrettable delay in issuing this opinion should not count against plaintiff.